## McCleary v. Frantz, Appellant.

*Negligence—Shifting measure of duty—Question for jury—Negligent shooting.*

Where the standard of duty is variable and shifts with the facts developed on the trial, it is a question of fact for the jury to determine under the circumstances, whether a reasonable and proper degree of care was exercised.

In an action to recover damages for personal injuries caused by the alleged negligent firing of a shotgun, it is proper to submit the case to the jury where there is evidence that plaintiff and defendant and two other persons went hunting; that they discussed the danger of four persons hunting together; that, after the discussion, three of the party, leaving plaintiff behind, crossed a ridge, over which plaintiff would have to go in order to rejoin them; and that defendant, having stirred up a rabbit, turned and shot his gun backward towards the crest of the hill, just as plaintiff was about to cross it, thereby wounding him.

Argued March 8, 1894. Appeal, No. 367, Jan. T., 1894, by defendant, Samuel O. Frantz, from judgment of C. P. Franklin Co., Dec. T., 1889, No. 79, on verdict for plaintiff, Harry McCleary. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries caused by alleged negligence of defendant in firing shotgun.

At the trial, it appeared that plaintiff, in company with defendant and two other persons, started out from Waynesboro on a gunning expedition. While on their way to the hunting ground, they discussed the danger of four persons hunting together, and the importance of their keeping together. They finally reached the edge of a woods near a hill. Three of the party, including defendant, proceeded eastward up the ascent of the hill, and crossed its crest and disappeared on

the other side.  Plaintiff remained behind, saying that he would hunt there a little while and join them later.  It was understood that in their course they were to keep bearing towards Blue Rock schoolhouse.  About the time the three passed up the hill, plaintiff started in a southerly direction through the woods on a line somewhat parallel with the line which the three took after they had crossed the hill and were out of his sight.  In a few moments he changed his purpose and undertook to rejoin his comrades who had passed over the crest. of the hill.  As he approached the crest of the hill, a gun was discharged by one of the party of three who had advanced over the hill and who were not in sight.  Immediately after another gun was discharged.  The second discharge was from a gun in the hands of defendant.  These shots were directed at a rabbit which had been raised by the party.  When the second shot was fired the rabbit had reached the crest of the hill.  Plaintiff's head and shoulders were both in range of the gun at the time it was fired.  The shot killed the rabbit and part of the load struck plaintiff in the face, causing the loss of one eye, and physical injury in other respects.

Defendant's points were among others as follows :

" 2. Even if the jury believe the defendant fired the shot which struck the plaintiff, yet if at the time the shot was fired the defendant, by reason of the growth of grass and weeds on the summit of the hill, could not see the plaintiff, their verdict must be for the defendant.  *Answer :* This point I refuse.  I leave it for you to say under the circumstances of the case whether or not the defendant exercised the care required by law, in other words whether or not he was guilty of contributory negligence." [1]

" 3. The plaintiff according to his own testimony having been warned of the nearness of the other members of the party by his hearing the first shot fired and having done nothing to warn· them of his presence, or to avoid the danger to himself from further shooting was guilty of contributory negligence and cannot recover.  *Answer :* I refuse to affirm that proposition.  It *is a matter for you to determine whether it was his duty to drop or give some signal of alarm.*" [2]

" 4. The plaintiff having separated himself from the other members of the hunting party, and having seen them pass out

of sight over the hill, from beyond which they could not see him, owing to the conformation of the ground and where he must have known that they would be likely to use their guns, was bound to use precaution in approaching the summit and until he had again brought himself fully within their view, and having, according to his own testimony, gone up towards the summit, without looking for the others and without making any effort to inform them of his approach, was guilty of contributory negligence and cannot recover. *Answer:* I refuse to affirm that proposition. The facts are wholly for you." [3]

" 5. Even if the jury should find that the shot from the defendant's gun struck the plaintiff and that the defendant was guilty of negligence in shooting at the time and place that he did shoot, the plaintiff and the defendant being members of the same hunting party, they must also find that it was negligence on the part of the plaintiff to be at the place he was when the shot was fired and the accident was the result of their concurrent negligence and there can be no recovery. *Answer:* I refuse that proposition. That does not correctly express the law." [4]

Verdict and judgment for plaintiff for $800.

*Errors assigned* were (1–4) instructions, quoting them.

*W. Rush Gillan, Charles Walter* and *A. F. Hostetter* with him, for appellant, cited: Fox v. Borkey, 126 Pa. 168; Gerity v. Haley, 29 W. Va. 98; Butcher v. R. R., 18 L. R. An. 523; Cooley on Torts, 673; Erie v. Magill, 101 Pa. 616; Harris v. Clinton, 64 Mich. 447; Centralia v. Krouse, 64 Ill. 19; Marble v. Worcester, 4 Gray, 395; Simpson v. Hand, 6 Whart. 321; Wynn v. Allard, 5 W. & S. 524; R. R. v. Enches, 127 Pa. 316.

*O. C. Bowers, N. Bruce Martin,* with him, for appellee, cited: Ry. v. Kane, 44 Leg. Int. 27; R. R. v. Coon, 111 Pa. 440; Schum v. Penna. R. R., 107 Pa. 8; McKee v. Bidwell, 74 Pa. 218; Neslie v. Ry., 113 Pa. 300; R. R. v. McElwee, 67 Pa. 311; Johnson v. R. R., 70 Pa. 357; Ry. v. Pearson, 72 Pa. 169; Crissey v. Ry., 75 Pa. 83; Ry. v. Henrice, 92 Pa. 431; R. R. v. Horst, 110 Pa. 226; R. R. v. Layer, 112 Pa. 414; R. R. v.

Jones, 128 Pa. 308; Steam Co. v. Gardner, 126 Pa. 80; Township v. Graver, 125 Pa. 24.

PER CURIAM, March 26, 1894:

In view of the testimony, this was clearly a case for the exclusive consideration of the jury on the questions of negligence and contributory negligence. Belonging, as it does, to that large class of personal injury cases, wherein the standard of duty is variable and shifts with the facts developed on the trial, it became a question of fact for the jury to determine whether, in the circumstances, a reasonable and proper degree of care was exercised. The case was accordingly submitted to the jury by the learned president of the common pleas in a clear and concise charge in which they were fully and accurately instructed as to the law applicable to every phase of the testimony. We find no error in either of the rulings complained of in the specifications.

Judgment affirmed.