(77 Hun, 360.)

## HANKINS v. WATKINS.

(Supreme Court, General Term, Fourth Department. May 18, 1894.)

1. NEGLIGENCE—ACCIDENTALLY SHOOTING ANOTHER WHILE HUNTING.
   One who negligently shoots another while hunting is liable for the injury caused thereby, though he did not know of the presence of such other person.

2. SAME—EVIDENCE—INTENTION.
   In an action for negligence, evidence of defendant's intent is not admissible.

3. SAME—EXERCISE OF CARE.
   Defendant in an action for negligence cannot testify that he was careful, as that is the question for the jury to determine.

Appeal from circuit court, Tompkins county.

Action by George B. Hankins against Edmund H. Watkins, an infant, by his guardian ad litem. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on a case and exceptions, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

M. N. Tompkins, for appellant.

Thomas W. Burns, for respondent.

MARTIN, J. This action was for negligence. The plaintiff claimed, and the evidence given in his behalf disclosed, that on the 14th day of October, 1889, he and his brother went to the head of Cayuga lake, duck hunting; that they took with them two tame ducks to be used as decoys; that, while they were preparing to anchor them as such decoys, one of them escaped from the boat in which they were, and the plaintiff and his brother pursued it; that, while doing so, the defendant shot at them, and seriously injured the plaintiff; that the accident occurred a few minutes before 6 o'clock in the morning; that it was clear and broad daylight, being about

15 or 20 minutes before sunrise; that between the place where the defendant stood when he fired, and the boat in which the plaintiff and his brother were, there was nothing to obstruct the defendant's vision, so that, if he had looked before firing, he would have seen the plaintiff, his brother, and the boat in which they were at the time. The evidence of the defendant was somewhat in conflict with that of the plaintiff, and tended to show that it was not sufficiently light at the time to enable him to see the plaintiff, and that his vision was obstructed by the limbs of the trees and shrubs that stood between him and the plaintiff. The question whether the transaction was as claimed by the plaintiff or as claimed by the defendant was submitted to the jury, and it found in favor of the plaintiff. Therefore, in examining the questions of the defendant's negligence and the plaintiff's freedom from contributory negligence, we must regard the facts proved by the plaintiff as the established facts in this case. Assuming the transaction to have occurred in the manner testified to by the plaintiff and his witnesses, it is quite obvious that both the question of the defendant's negligence and the question of the plaintiff's freedom from contributory negligence were questions of fact that were properly submitted to the jury, and that its findings thereon should be regarded as final. The appellant, however, insists that the rule of law applicable to this case is that "one who is hunting in a 'wilderness' is not bound to anticipate the presence, within range of his shot, of another man, and is not liable for an injury caused unintentionally by him to a person of whose presence he was not aware," and cites 4 Wait, Act. & Def. 702, and Bizzell v. Booker, 16 Ark. 308, to uphold his insistence. When we examine the Bizzell Case we not only find that the facts in that case were wholly unlike those in the case at bar, but that all that was held in that case was that where a person was doing a lawful act, or an act not mischievous, rash, reckless, or foolish, and naturally liable to result in injury to others, he was not responsible for damages resulting therefrom, by accident or casualty, while he was in the exercise of such care and caution as a prudent man would observe, under the circumstances surrounding him, to avoid injury to others. We also find that in that case it was expressly held that such a person would be answerable for damages which resulted from his negligence or want of such care and caution on his part. Referring to Wait's Actions and Defenses, we find the statement above quoted, and that the Bizzell Case is the only authority cited to sustain it. We fail to see how the doctrine of the Bizzell Case in any way aids the defendant, but, on the contrary, it seems to be an authority in favor of the plaintiff, as the court in that case expressly indorsed the doctrine laid down by Bronson, C. J., in Vandenburgh v. Truax, 4 Denio, 464, as follows:

"It may be laid down as a general rule that when one does an illegal or mischievous act which is likely to prove injurious to others, and when he does a legal act in such a careless and improper manner that injury to third persons may probably ensue, he is answerable, in some form of action, for all the consequences which may directly and naturally result from his conduct. * * *. It is not necessary that he should intend to do the particular injury which follows, nor, indeed, any injury at all."

In Shear. & R. Neg. § 686, it is said:

"A very high degree of care is required from all persons using firearms in the immediate vicinity of other people, no matter how lawful, or even necessary, such use may be."

And the cases of Weaver v. Ward, Hob. 134; Castle v. Duryee, 1 Abb. Dec. 327; Moody v. Ward, 13 Mass. 299; McClenaghan v. Brock, 5 Rich. Law, 17; Haack v. Fearing, 5 Rob. 528; and Moebus v. Becker, 46 N. J. Law, 41,—are cited to sustain that proposition.

Cooley, in his work on Torts, says:

"When one makes use of loaded weapons, he is responsible only as he might be for any negligent handling of dangerous machinery; that is to say, for a care proportioned to the danger of injury from it."

Under the circumstances disclosed by the evidence in this case, and upon the authorities bearing upon the question of the defendant's liability, we think there is no doubt of the plaintiff's right to recover in this action.

On the trial the defendant was asked: "Did you intend to shoot this plaintiff?" This question was objected to by the plaintiff, the objection was sustained, and the defendant duly excepted. While it has been held that, when the question of the party's intent is one of the issues in an action, he may testify that he had, or did not have, the intent charged, still, where the issue is not one of intent, such evidence is inadmissible, as his intent is wholly immaterial. In this case, while the complaint charges the defendant with having wrongfully and negligently caused the plaintiff's injury, there was no claim on the trial that his act was intentional, but, on the contrary, the plaintiff sought to recover only upon the ground of the defendant's negligence. This is shown very plainly by that portion of the charge of the learned trial judge in which he said to the jury:

"It is not claimed that he [defendant] willfully shot the plaintiff. The plaintiff's counsel repudiates the idea that he deliberately and willfully, intending to hit these men, shot at them, for they claim that the act was a lawless act, and that the act was careless and negligent, and not deliberate or willful."

Again, the judge says:

"But this is not a charge of willful shooting."

Thus the question at issue between the parties on the trial was whether the plaintiff's injury was caused by the defendant's negligence, and no question of his intent was involved in the case. We find no error in this ruling.

The defendant was also asked: "Did you handle your gun that morning in a careful, prudent, and cautious manner?" This was objected to, the objection sustained, and the defendant excepted. We think this exception was not well taken. If by this question the defendant sought to show that in his opinion he was not negligent in shooting the plaintiff, it was inadmissible, as that was a question, not for the witness, but for the jury, to decide. Carpenter v. Transportation Co., 71 N. Y. 574; 16 Am. & Eng. Enc. Law, 463, and cases cited. If the defendant's purpose was to show that he handled his gun with care, it was immaterial, as the negligence

charged did not relate to the manner in which he used his gun, but consisted in his shooting towards the plaintiff without previously looking to see what was within the range of his gun when he fired. The defendant was also asked: "Have you had considerable experience in handling a gun, and were you careful in handling your gun upon the morning in question?" which was objected to and excluded. This was, in substance, the same as the previous question, and the evidence was properly rejected. We are also of the opinion that the court properly refused to admit the evidence called for by the question put to the witness Brown,—whether the defendant was a capable and careful hand to handle a gun.

It appears that photographs had been taken of the place where this injury occurred. The plaintiff was interrogated as to the relative condition at the time when they were taken, and when the injury occurred, of the trees, water, and other things, as to what was done, and as to whether there was anything to obstruct the defendant's view. This evidence was objected to by the defendant, and admitted under his exception. As the photographs were not admitted in evidence or shown to the jury, we are unable to see how the defendant could possibly have been injured by the admission of this evidence. It is quite manifest that, even if the evidence was inadmissible, its admission was harmless, and hence we find in the ruling no reason to disturb the judgment.

Having considered all the questions presented by the defendant in his brief, and having found no exception that would justify us in interfering with the judgment, it follows that the judgment and order should be affirmed. Judgment and order affirmed, with costs. All concur.