CHARLES E. WHITTEN *vs.* JOHN HARTIN.

Essex.    December 14, 1894. — January 8, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Personal Injuries — Negligence — Due Care — Evidence.*

In an action for personal injuries occasioned to the plaintiff by being shot by the defendant while they were on their way in the Maine woods to a hunting camp on a road bordered by woods and brush, it appeared that there was no reason to expect that any persons were in the vicinity except the party of which they were members, and that the members of the party rode or walked as they chose, those walking not always keeping together, and at a time when both the plaintiff and the defendant were on foot the plaintiff sat down alone in the woods a few feet from the nearest wheel rut and was shot by the defendant, who had discharged his rifle at a partridge, not knowing that the weapon was pointed toward the plaintiff. The defendant excepted because the plaintiff was permitted to introduce evidence that members of the party rested along the route, both in the road and off the road in the bushes, without direct evidence in every instance that it was done with the knowledge of the defendant. The evidence was conflicting as to whether there were bushes about the place where the plaintiff was sitting when the defendant fired, and the plaintiff testified that when he first saw the defendant approaching he did not appear to be about to shoot, and that on the instant after, upon seeing him raise the weapon, he cried out to him, "Don't shoot." *Held,* that the conduct of the members of the party

with reference to keeping in or going out of the roadway might reasonably be expected to be the same at the time of the shooting as it had been during the journey, and that the jury might reasonably infer that, if members of the party rested outside of the roadway, that fact must have been observed by and become known to the defendant in the course of the journey, and that the evidence as to members so resting was relevant. *Held, also,* that the court could not rule, as matter of law, that the plaintiff was negligent, and that requests based upon the theory that, as matter of law, the plaintiff was not in the exercise of due care, were rightly refused.

TORT, for personal injuries occasioned to the plaintiff by being shot by the defendant. At the trial in the Superior Court, before *Bond,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*O. A. Galvin & J. F. Sweeney,* for the defendant.

*W. H. Niles & G. J. Carr,* for the plaintiff.

BARKER, J. The plaintiff and the defendant were on their way in the Maine woods to a hunting camp. The road built for the convenience of lumbermen and hunters was bordered by woods and brush, and there was no reason to expect that any persons were in the vicinity except the party of which the plaintiff and the defendant were members, and which consisted in all of ten persons, two of whom were guides and two teamsters. Two wagons were with them, one for carrying persons chiefly and the other for supplies. The way was long and rough, and the members of the party rode or walked as they chose. There was game in the woods and most of the party when walking carried guns or rifles, and shot at game or at targets. Those who were walking did not always keep together, and at a time when both the plaintiff and the defendant were on foot the plaintiff found himself alone, and sat down in the woods four or five feet away from the nearest wheel rut. While so sitting he was shot by the defendant with a rifle which the latter discharged at a partridge. The defendant was in the road, having fallen behind the plaintiff, and he discharged the rifle at the partridge not knowing that the weapon was pointed toward the plaintiff. There was some conflict of testimony as to the manner in which the party had proceeded along the road, and the plaintiff's witnesses testified that different members of the party rested along the route, both in the road and off the road in

the bushes, and the defendant's first exception is because the plaintiff was permitted to introduce evidence tending to show that members of the party so rested, without direct evidence in every instance that it was done with the knowledge of the defendant. The exception is only to the admission of the evidence, and there is no contention that, if it was admissible for any purpose, its effect was not properly limited. The journey up to the time of the shooting had consumed several hours. The conduct of the members of the party with reference to keeping in or going out of the roadway might reasonably be expected to be the same at the time of the shooting as it had been during the journey, and the jury might reasonably infer that, if members of the party rested outside of the roadway, that fact must have been observed by and become known to the defendant in the course of the journey. If he knew it, or would have known it by the exercise of ordinary and reasonable attention to matters which would govern ordinary men in deciding whether it was safe to fire a rifle at the time and place when he fired at the partridge, it was a matter to be considered in determining whether he was guilty of negligence. For this purpose the evidence was relevant, and his exception to its admission must be overruled.

The principal contention upon the defendant's brief is that the plaintiff was himself negligent in leaving the road and sitting down to rest by the roadside where he might be shot, and also in not instantly giving warning to the defendant of his presence when he saw the defendant coming upon the road with a rifle, and the defendant contends that a verdict in his favor upon these grounds should have been ordered, and that instructions which he requested based upon the theory of the plaintiff's want of due care should have been given. But the evidence was conflicting as to whether there were bushes about the place where the plaintiff was sitting when the defendant fired, and the plaintiff testified that when he first saw the defendant approaching he was carrying his rifle and did not appear to be about to shoot, and that on the instant after, upon seeing him raise the weapon, he cried out to him, "Don't shoot." It is very plain that the court could not rule, as matter of law, that the plaintiff was in any respect negligent.

and that all the requests based upon the theory that, as matter of law, he was not in the exercise of due care, were rightly refused.

No contention is made that there was not evidence to be submitted to the jury upon the issue of the defendant's negligence, and no claim is made that the instructions on which the case went to the jury were incorrect.     *Exceptions overruled.*