[S. F. No. 4957. In Bank.—December 3, 1909.]

PAUL RUDD, Respondent, v. RALPH BYRNES, Appellant.

STATUTE OF LIMITATIONS—AMENDMENT TO ANSWER—SETTING UP STATUTES—DISCRETION.—The refusal of leave to plead the bar of the statute of limitations by way of amendment to an answer already filed is not an abuse of discretion, unless it is made to appear that the amendment will be in furtherance of justice.

ID.—ACTION FOR NEGLIGENCE—INADVERTENCE OF COUNSEL IN REMEMBERING STATUTORY LIMITATION.—In an action to recover damages for an injury caused by negligence, it is not an abuse of discretion to permit an amendment to the answer setting up the statute of limitations, when the only reason advanced for the failure to set up such defense in the original answer was the inadvertence of counsel in failing to note that by the amendment of 1905 to section 340 of the Code of Civil Procedure, the time allowed for the commencement of such an action had been reduced to one year. Such fact has no tendency to show that permission to plead the statute would aid in producing a just result.

ID.—HANDLING FIREARMS—DEGREE OF CARE REQUIRED.—As firearms are extraordinarily dangerous, a person handling such a weapon is bound to use extraordinary care to prevent injury to others, and is held to strict accountability for want of such care. One who causes injury to another by discharging such a weapon must, in order to excuse himself from liability, show that he was absolutely without fault.

ID.—NEGLIGENCE WHEN QUESTION OF FACT OR LAW.—While the question of negligence is ordinarily one to be determined by the jury, yet where the facts are undisputed, and no inference but that of negligence can be drawn from them, the court may determine that negligence is shown as matter of law.

ID.—SHOOTING OF HUMAN BEING WHILE HUNTING.—A person while deer hunting, who saw an object moving in the underbrush, and fired at it without taking time to discover whether it was a deer, as he supposed it to be, or a human being, as it turned out to be, is guilty of negligence.

ID.—CONTRIBUTORY NEGLIGENCE OF PERSON SHOT.—The person so injured, if himself guilty of negligence directly contributing to the injury, is not entitled to recover of the person who negligently shot him.

ID.—CONTRIBUTORY NEGLIGENCE ORDINARILY FOR JURY.—The question whether the conduct of the plaintiff amounted to contributory negligence is ordinarily one for the jury.

ID.—ERRONEOUS WITHDRAWAL OF QUESTION OF CONTRIBUTORY NEGLIGENCE FROM JURY.—In an action by the person so shot, it is error to refuse to submit to the jury the question of the plaintiff's contributory negligence, based upon evidence that the parties, while deer hunting, had agreed to station themselves at widely separated points, that the defendant adhered to such understanding, but that the plaintiff departed therefrom, and when shot was moving about in the underbrush opposite the defendant's station.

ID.—CUSTOM OF HUNTERS—INADMISSIBLE EVIDENCE.—In such an action, the rejection of evidence offered by the defendant as to the custom of hunters in places similar to that in which the accident occurred, is not error, when it did not appear that the plaintiff knew of such custom at the time of the transaction, or when the plaintiff admitted having made the agreement, which went fully as far as the alleged custom.

ID.—ADMISSION OF FAULT BY PLAINTIFF—DECLARATION AGAINST INTEREST.—The statement by the plaintiff, to the effect that the injury resulted from his own fault, was admissible in evidence as a declaration of a party against his interest. The exclusion of such evidence was without prejudice, where the facts upon which his conclusion was based, was fully shown by his own testimony.

APPEAL from a judgment of the Superior Court of Mendocino County and from an order refusing a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

McNab & Hirsch, for Appellant.

Robert Duncan, for Respondent.

SLOSS, J.—The plaintiff, having been wounded by a bullet fired from defendant's rifle, brought this action to recover damages, alleging that his injuries were due to defendant's negligence. A trial before a jury resulted in a verdict in favor of plaintiff for five hundred dollars. The defendant appeals from the judgment entered upon the verdict, and from an order denying his motion for a new trial.

The action was commenced in December, 1906, about fourteen months after the shooting. The defendant filed an answer, in which he denied the allegations of the complaint, and affirmatively pleaded facts intended to constitute a defense of contributory negligence. On the day set for the trial of the cause, he moved the court for leave to amend his answer by setting up the additional defense that the action was barred by subdivision 3 of section 340 of the Code of Civil Procedure. The application was denied, and this ruling is assigned as error. This court, very early in its history, established the rule that the refusal of leave to plead the bar of the statute of limitations by way of amendment to an answer already filed will not be regarded as an abuse of discretion, unless it is made to appear that the amendment will be in furtherance of justice. (*Cook* v. *Spears,* 2 Cal. 409, [56 Am. Dec. 348]; *Stuart* v. *Lander,* 16 Cal. 372, [76 Am. Dec. 538].) The principle underlying these decisions,—viz. that while great liberality should be exercised in allowing amendments to pleadings, that liberality should only be displayed in furtherance of justice, has often received recognition here. (*Daley* v. *Russ,* 86 Cal. 118, [24 Pac. 867]; *Bank of Woodland* v. *Heron,* 122 Cal. 107, [54 Pac. 537], and cases cited.) The bill of exceptions asserts, as the only reason for defendant's failure to rely on this plea in his original answer, the inadvertence of counsel in failing to note that the amendment of 1905 to section 340 had reduced the time allowed for the commencement of actions of this character to one year. The fact that counsel had been guilty of this oversight had

no tendency to show that permission to plead the statute would aid in producing a just result.

The main question arises on the instructions of the court, whereby it declared that plaintiff was entitled to a verdict, and that the only question for the jury was the amount of damages. Instructions requested by defendant, submitting to the jury the issue of contributory negligence, were refused. It appeared from plaintiff's testimony that on October 10, 1905, he, in company with the defendant and one Lima, went out along the Big River in Mendocino County to hunt deer. On the north bank of the river they parted company. Byrnes and Lima remained on the north side. The plaintiff, Rudd, crossed the stream, taking a dog with him. The dog started along a ridge and down through the brush into a flat across the river from Byrnes. Rudd thought the dog was after a deer, and ran in after. When he came out on the flat opposite Byrnes, he heard a shot and was struck by a bullet. There was no question of the fact that Byrnes fired this shot. His own testimony was that he saw an object moving in the brush, and fired at it, thinking it to be a deer.

The testimony relating to the issue of contributory negligence, as relied on by defendant, differed in some particulars from the allegations of the answer. Since, however, the point of variance does not appear to have been made in the court below, and the differences have no important bearing on the points to be discussed, it will be sufficient to state the substance of the showing made by the witnesses. There was evidence which would have warranted the jury in finding that the banks of the river were thickly grown with brush; that along the river there were deer-crossings "where deer come down when chased by dogs and run into water." It was testified that the three hunters had agreed that they were, respectively, to station themselves at three crossings, Byrnes's station being about two hundred yards above and Rudd's about the same distance below that of Lima. When Byrnes fired he was at the point at which, under the agreement, he should have been. Rudd, instead of going down the river, as agreed, went up, and was opposite Byrnes's station when shot.

We think the defendant was entitled to have the jury consider this evidence and determine from it whether Rudd had been guilty of negligence contributing directly and prox-

imately to his injuries. That the defendant's conduct was negligent may well be conceded. "As firearms are extraordinarily dangerous, a person who handles such a weapon is bound to use extraordinary care to prevent injury to others, and is held to strict accountability for a want of such care." (12 Am. & Eng. Ency. of Law, 2d. ed. p. 518; *Bahel* v. *Manning,* 112 Mich. 24, [67 Am. St. Rep. 381, 70 N. W. 327] ; *Judd* v. *Ballard,* 66 Vt. 688, [30 Atl. 96] ; *Moebus* v. *Becker,* 46 N. J. L. 41; *Morgan* v. *Cox,* 22 Mo. 373, [66 Am. Dec. 623].) One who causes injury to another by discharging a firearm must, in order to excuse himself from liability, show that he was absolutely without fault. (12 Am. & Eng. Ency. of Law, 2d ed., p. 519; *Bahel* v. *Manning,* 112 Mich. 24, [67 Am. St. Rep. 381, 70 N. W. 327] ; *Morgan* v. *Cox,* 22 Mo. 373, [66 Am. Dec. 623] ; *Rally* v. *Ayers,* 3 Sneed, 677; *Wright* v. *Clark,* 50 Vt. 130, [28 Am. Rep. 496].) While the question of negligence is ordinarily one to be determined by the jury, yet where the facts are undisputed, and no inference but that of negligence can be drawn from them, the court may determine that negligence is shown as matter of law. (*Studer* v. *Southern Pacific Co.,* 121 Cal. 400, [66 Am. St. Rep. 39, 53 Pac. 942] ; *Nagle* v. *California S. R. Co.,* 88 Cal. 86, [25 Pac. 1106].) It is plain, from defendant's own story that he did not, in this instance, exercise the care required of one handling firearms. He saw an object moving in the underbrush, and fired at it without taking time to discover whether it was a deer, as he supposed it to be, or a human being. There can be no room for doubt that, in so doing, he acted without that regard for the safety of others which is to be expected of one handling dangerous implements or substances.

But the fact that defendant was negligent does not preclude the possibility that plaintiff may have been likewise guilty of negligence contributing to the injury. In *Magar* v. *Hammond,* 171 N. Y. 377, [64 N. E. 150], the owner of a fish preserve had employed a night watchman who was in the habit of discharging firearms into the air to frighten off poachers. Plaintiff entered the premises on a dark night for the purpose of poaching, and was injured by a bullet fired by the watchman in the direction of the noise made by plaintiff. In an action against the owner and the watchman, the

plaintiff had judgment for damages. On appeal, it was held that the trial court had erred in refusing to charge that, if the plaintiff knew that the watchman was in the habit of discharging a gun, and went there after receiving such information, he could not recover, even if the defendants were negligent. "The defendants," said the court, "were entitled to have the jury instructed that, if the plaintiff voluntarily exposed himself to a known danger, he could not recover for the act of the watchman, though this act, in defense of the master's property, was without due care." In *McCleary* v. *Frantz,* 160 Pa. 535, [28 Atl. 929], where plaintiff and defendant were members of a hunting party, and the defendant, shooting at a rabbit, hit plaintiff, the court said the case was one "for the exclusive consideration of the jury on the questions of negligence and contributory negligence." Other decisions treating the contributory negligence of plaintiff as a material subject of inquiry in cases of this character are *Whitten* v. *Hartin,* 163 Mass. 39, [39 N. E. 412]; *Bahel* v. *Manning,* 112 Mich. 24, [67 Am. St. Rep. 381, 70 N. W. 327]; *Winans* v. *Randolph,* 169 Pa. 606, [32 Atl. 622]. There is nothing to the contrary in *Glueck* v. *Scheld,* 125 Cal. 288, [57 Pac. 1003]. All that was there decided was that, *under the peculiar facts shown,* the jury had a right to find that the alleged negligence of plaintiff did not contribute to his injury. In short, the rules of law governing actions for injuries caused by the discharge of firearms are not different from the rules governing actions for any injuries claimed to have been inflicted by the negligence of the defendant. By reason of the dangerous nature of such weapons, a person handling them is held to a high degree of care. If he has not used the degree of care appropriate to the circumstances, and injury result, he will be liable to the person injured, if the latter was without fault. If, however, the individual injured was himself acting without due care for his own safety, and his carelessness directly contributed to or caused the injury, he will be remediless.

As we have said, the question of negligence is ordinarily one for the jury, and this applies as well to contributory negligence as to that claimed to inhere to the conduct of defendant. The facts here shown were certainly not such as to preclude an inference that plaintiff had been guilty of neg-

ligence contributing directly to his injury. Whether or not there had been an agreement by which plaintiff was to station himself at a point several hundred yards away from defendant; whether plaintiff had departed from that agreement; whether such departure displayed a want of the care that would be exercised by a reasonably prudent person in plaintiff's position and whether such departure was, in whole or in part, the proximate cause of plaintiff's injuries, were all questions which might, under the evidence, have been answered favorably to defendant's contention. They should, therefore, have been submitted to the jury. It certainly cannot be said, as matter of law, that the presence of plaintiff in the brush, opposite the point where, as he knew, Byrnes had taken his stand for the purpose of shooting a deer which might come through the brush, was not negligent. Nor, in view of Byrnes's testimony that he was led to fire by movements seen in the brush, can it be said, as a matter of law, that there was no causal connection between Rudd's actions and his being wounded by the shot.

For the purposes of a new trial, which is made necessary by what we have said, the other points made by appellant may be briefly mentioned. We think the court did not err in rejecting evidence of the custom of hunters along coast rivers. The standard of care required of persons under given circumstances is not to be established by proof that others have been in the habit of acting in a certain manner. (*Pulsifer* v. *Berry,* 87 Me. 405, [32 Atl. 986].) The failure of plaintiff to comply with a custom, departure from which would put him in danger, might be relevant on the issue of contributory negligence, if it appeared that the custom was known to him at the time of the transaction. No attempt was made to show such knowledge here. Furthermore, the excluded evidence could have no weight in this case, where the plaintiff admitted having made an express agreement which went fully as far as the alleged custom.

The court should have allowed evidence of plaintiff's statements to the effect that the injury resulted from his own fault. They were declarations of a party, against his interest. (Code Civ. Proc., sec. 1870, subd. 2.) But here the facts were fully shown by plaintiff's own testimony, and the exclusion of his mere conclusion on the issue which was finally to be deter-

mined by the jury could not have been prejudicial to appellant.

The judgment and the order denying a new trial are reversed.

Angellotti, J., Shaw, J., Lorigan, J., Melvin, J. and Henshaw, J., concurred.