MARY E. BENNETT, administratrix, vs. GEORGE G. MARQUIS.

Middlesex.   January 6, 1950. — February 10, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Evidence*, Of identity.   *Negligence*, Hunter.

Evidence warranted findings establishing the identity of the defendant
    as the person who shot and killed the plaintiff's intestate while they
    and others were hunting, and that the defendant was negligent in so
    doing.

TORT.   Writ in the Superior Court dated June 5, 1946.

The action was tried before *Baker*, J.

*J. S. McKenney*, for the defendant.

*O. S. Allen*, for the plaintiff.

RONAN, J.   The plaintiff's intestate was shot through the
head and killed at about noontime on a clear and pleasant
day in December, 1945, while he was deer hunting with
others, including the defendant, in Ashby.   The jury re-
turned a verdict for the plaintiff.   The defendant excepted
to the denial of a motion for a directed verdict.

The questions presented are the sufficiency of the evi-
dence to identify the defendant as the one who fired the
shot that killed the intestate and to show negligence on his
part in shooting the intestate.

A brief summary of the evidence discloses ample basis for
the conclusion reached by the jury.   The intestate wore a
red cap and a red mackinaw coat which extended down to
the hips.   The ground was covered with six or eight inches
of snow.   The defendant testified that he fired a single shot
at what he thought was a small bear or a porcupine, and
then went forward fifty or sixty feet to see what he had shot
but did not see anything.   The firearm he used was a Rem-
ington automatic shotgun and not a Winchester gun as he
had stated in answering the plaintiff's interrogatories.   A

shell, which an expert testified had been ejected from this Remington gun, was found lying on the snow one hundred twenty-six feet from the place where the intestate had been shot. Between the place where the shell was found and where the body of the intestate was discovered were a few laurel bushes about three feet high; "it was very open country" with "nothing in the way of obstructions." It was an open area where the body was found. The photographs taken on the day of the shooting showed the nature of the terrain. Freshly broken twigs showed the course of the bullet as it sped from a spot near the empty shell to the head of the intestate.

One Erickson, another hunter, some five minutes after the defendant had fired his single shot, fired four shots at a deer, two of which struck and killed the deer. But Erickson was two hundred yards away from the place where the intestate was shot. The jury were shown a sketch showing where Erickson was when he killed the deer and the direction in which he was shooting at the deer. We do not understand that the defendant contends that a shot fired by Erickson killed the intestate and, if made, no such contention could be maintained. The jury could find that the defendant, almost immediately after he fired, knew that he had struck the intestate — or not later than after the defendant had walked fifty or sixty feet in the direction in which he shot and when the body of the intestate was in full view, and that instead of going to the aid of the intestate he went to another part of the hunting area and waited until the body of the intestate was discovered by another hunter. The jury were warranted in finding that the intestate was killed by a bullet which came from the empty shell which was found on the snow, and that this shell had been ejected from the defendant's shotgun. Although the defendant had sight in only one eye, the jury could find that he ought to have seen the intestate before he fired. He was handling a dangerous weapon, and he was bound to use the degree of care commensurate with the serious harm that might follow from the lack of such care. *Ogden* v. *Aspinwall*,

220 Mass. 100. *Brennan* v. *Ocean View Amusement Co.* 289 Mass. 587. The question of the, defendant's negligence in discharging the firearm was properly submitted to the jury. *Whitten* v. *Hartin,* 163 Mass. 39; 41. *Adams* v. *Dunton,* 284 Mass. 63, 66–67. *Rudd* v. *Byrnes,* 156 Cal. 636. *Reyher* v. *Mayne,* 90 Colo. 586. *McLaughlin* v. *Marlatt,* 296 Mo. 656. *Hankins* v. *Watkins,* 77 Hun, 360. *Koontz* v. *Whitney,* 109 W. Va. 114.

*Exceptions overruled.*