## SPRINGFIELD FIRE & MARINE INS. CO. v. HASSEN.
### No. 987.

Court of Civil Appeals of Texas. Eastland.
Oct. 14, 1932.

Rehearing Denied Nov. 18, 1932.

Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for plaintiff in error.

Conner & McRae, of Eastland, for defendant in error.

HICKMAN, C. J.

This is a suit upon a policy of fire insurance issued by plaintiff in error to defendant in error for the sum of $3,000, so itemized as to distribute $2,000 thereof on a stock of merchandise and $1,000 thereof on furniture and fixtures. A fire occurred, burning some of the property out of sight and damaging the remainder. There are so many unrelated questions presented that a discussion of all

of them, and a statement sufficient to disclose how each arose, would cover many pages of unprofitable reading. We shall therefore discuss those questions only upon which a reversal of the judgment below will be ordered, making such statements in connection with each as are necessary for an understanding of the points decided.

The policy contained this provision: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." There was an agreement elsewhere in the policy permitting a total concurrent insurance of $65,000, as follows: $60,000 on stock and $5,000 on furniture and fixtures. Defendant in error admittedly violated this provision limiting the amount of insurance by carrying policies totaling $6,000 on the furniture and fixtures. There was no violation with reference to the amount of concurrent insurance permitted on the stock of merchandise. Shortly after the fire occurred, and before plaintiff in error and the other insurance carriers took any steps toward ascertaining the cause of the fire and the amount of the loss, an instrument in writing was executed by the parties hereto designated as a nonwaiver agreement. The substance of the agreement was that plaintiff in error did not waive any of its rights under the terms of the policy by its action in investigating the cause of the fire, the amount of loss, or other matters relative to the claim of defendant in error. Plaintiff in error pleaded defendant in error's violation of the concurrent insurance provision of the policy as a defense to liability, and defendant in error pleaded a waiver by insurer of its right to rely upon the forfeiture provision, and sought to avoid the effect of the nonwaiver agreement by allegations that same was procured through fraud. In answer to a special issue, the jury found that such agreement was procured through fraud, and it is assigned that there was no evidence warranting the submission of the issue or supporting the finding of the jury. We sustain this assignment. There is nothing to write in disposing of this assignment further than that there was no evidence of fraud pointed out in the briefs, and we have discovered none in the statement of facts.

It would appear from the record that the parties would have been able to agree on the amount of damages to the furniture and fixtures had it not been for their inability to agree upon the damages to the stock of goods. Their failure to agree on the last-named item resulted in an arbitration proceeding as provided by the policy. Upon the trial, the defendant in error was relieved from the bind-

ing effect of this arbitration by a jury finding of partiality and unfair dealings on the part of the umpire and one of the appraisers. It is assigned that there was no evidence authorizing the submission of the issue to the jury as to the appraisers being disinterested, or as to the fairness of their proceedings. We are not satisfied with the evidence supporting the answers of the jury to these issues, but have decided that we cannot sustain the assignment that there was no evidence warranting their submission.

The agreement for submission to appraisers of the question of the amount of damages to the stock of merchandise contained a nonwaiver stipulation similar to that described above, the effect of which was to prevent the appraisement proceedings from resulting in a waiver of the rights of the parties under the policy. To avoid the effect of his violation of the provision of the policy with reference to concurrent insurance, the insured pleaded what he designates as a waiver and estoppel, alleging that the acts and conduct of plaintiff in error constituted a waiver of its right to rely upon the forfeiture provision of the contract, notwithstanding these nonwaiver agreements, and that because of such acts and conduct the insurer was estopped to rely upon such forfeiture provision. The issues of both waiver and estoppel were submitted to the jury, in answer to which issues the jury found that insurer did not waive, but that it was estopped.

It is assigned that there was no evidence of an estoppel. We are unable to understand how the jury could have determined that the facts were insufficient to constitute waiver, but were sufficient to work an estoppel. All the facts pleaded and proved had reference to a waiver, and the pleader used the words "waiver" and "estoppel" interchangeably. There is a total absence from the record of any facts which would constitute an estoppel as distinguished from a waiver. The findings seem to be conflicting. Some of the evidence did tend to establish a waiver, notwithstanding the nonwaiver agreements, but the jury has determined that it was insufficient for that purpose, and we hold that it was insufficient to raise the issue of estoppel.

In explanation of our statement above that there was some evidence of a waiver, notwithstanding the nonwaiver agreements, we think it proper, in view of another trial, to observe that the stipulations in the nonwaiver agreement will not be extended by implication beyond their exact terms. Acts not coming within the plain import of the nonwaiver agreements may operate as a waiver.

Some errors were committed in the admission of evidence, as pointed out in assignments of error Nos. 49, 50, and 51, but these will not likely occur upon another trial, and need not be discussed.

For the errors above pointed out, the judgment of the trial court will be reversed, and the cause remanded.