## TRAVELERS INS. CO. v. SHIP BY TRUCK CO. et al.
### No. 10929.

Circuit Court of Appeals, Eighth Circuit.
March 7, 1938.

O. C. Mosman, of Kansas City, Mo. (Mosman, Rogers, Bell & Buzard, of Kansas City, Mo., on the brief), for appellant.

John S. Wright, of Kansas City, Mo. (Whitson Rogers and Abraham E. Margolin, both of Kansas City, Mo., on the brief), for appellees.

Before STONE, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

The Travelers Insurance Company sued the Ship By Truck Company and its principal owner and managing officer Walter A. Graham to recover back three several payments of money which the insurance company was compelled to make by reason of its automobile liability policy with rider issued to the truck company and such officers. The case was heard on demurrer to the plaintiff's amended petition. The demurrer was sustained and there was a judgment of dismissal upon the refusal of the plaintiff to plead further. The insurance company appeals.

The petition disclosed that the insurance company issued its automobile and truck liability policy in ordinary form to the defendants, the truck company and Walter A. Graham, limited to bodily injury damage not exceeding $20,000 for one person and $40,000 for one accident. During the period of the insurance the negligent operation of a truck caused an accident in which injuries were inflicted upon three persons, one of whom died therefrom, and claims were made against defendants on account thereof. Suits were brought on the claims against the defendant truck company and there was a final judgment in one of the suits for the sum of $25,000. As the policy stood when written there would have been no liability upon the insurance company to pay the judgment because the policy contained the usual notice clause by which the giving of timely written notice of the accident to the insurance company was made a condition precedent

to any liability on its part* and it was alleged that defendants failed, neglected, and refused to give the required notice of the pendency of the suit of one of the injured persons until after a trial of the same was had and judgment rendered and also failed, neglected and refused to give notice of the pendency of the other claims and suits. But "in order for the defendants to comply with the laws and regulations of the state of Kansas (section 66-1,102) in which they were doing business and without the payment of any additional premium by the defendants the said policy was amended by endorsement and rider thereto," which rider contained a provision that upon the failure of the defendants to pay any final judgment for damages for personal injuries including death caused by motor vehicles operated by defendants within the limits set forth in the schedule of the rider the judgment creditor could maintain action to compel such payment.**

By virtue of such "direct action" provision of the policy rider the injured person who had obtained judgment against the defendant truck company enforced his judgment against the insurance company to the extent of the policy limit and the insurance company paid $20,000 and costs on account thereof. As to the other two suits arising out of the same accident, the insurance company paid the claimants in discharge of its obligation under the policy and rider the total sum of $5,500.

The rider attached to the policy contained the following provision: "It is further understood and agreed that the conditions, limitations and provisions of the policies shall remain in full force and effect as binding between the named Assured and the Companies and if the Companies pay any loss under the Policies, which has resulted directly or indirectly from the violation of the conditions, limitations or provisions of the Policies by the Assured, the Assured agrees to reimburse the Companies to the full extent of such loss."

It is charged in the petition of the insurance company that by reason of defendants' breach of the notice clause of the policy the insurance company was deprived of the opportunity of investigating and defending the cases and suits and that "it could have investigated such suits and claims in a manner so as to have protected its interests had the defendants complied with the notice provisions, * * * and plaintiff states that by reason of the default of the defendants and each of them in failing, neglecting and refusing to give the plaintiff the notice required by the said policy contract and to afford the plaintiff the right to investigate and defend said actions, as provided by said policy contract, the plaintiff was thereby prejudiced in its rights under said policy contract, and the defendants and each of them have become obligated to the plaintiff in the total sum of Thirty Thousand One Hundred Dollars and Five Cents ($30,100.05)"

"Wherefore, plaintiff prays judgment against the defendants and each of them in the sum of Thirty Thousand One Hundred Dollars and Five Cents ($30,100.05) and for its costs herein expended."

The demurrer of the defendants was sustained on the general ground that the

---

* "B. In the event of accident written notice shall be given by or on behalf of the Assured to the Company or any of its authorized agents as soon as is reasonably possible thereafter. Such notice should contain information respecting the time, place and circumstances of the accident, with the name and address of the injured and any available witnesses. If such information is not reasonably obtainable, particulars sufficient to identify the Assured shall constitute notice. The Assured shall keep the Company advised respecting further developments in the nature of claims or suits when and as they come to his knowledge."

** "In consideration of the premiums stated in the Policies to which this endorsement is attached, the Companies hereby waive a description of the motor vehicles to be insured hereunder and agree to pay any final judgment, for personal injury, including death resulting therefrom, and/or loss of or damage to property (not including property usually designated as cargo), other than property owned by the Assured, caused by any and all motor vehicles operated by the Assured pursuant to the certificate of public convenience and necessity issued by the Public Service Commission of Kansas, within the limits set forth in the schedule shown hereon, and further agree that upon their failure to pay any such final judgment such judgment creditor may maintain an action in any court of competent jurisdiction to compel such payment. Nothing contained in the policies or any endorsement thereon, nor the violation of any of the provisions thereof by the Assured, shall relieve the Companies from liability hereunder or from the payment of any such judgment."

petition did not state facts sufficient to constitute a cause of action.

It will be observed that the policy indorsement or rider which imposes the direct obligation upon the insurance company to pay unsatisfied judgments against the assured contains a reimbursement clause whereby the assured agrees to reimburse the insurance company "if the companies pay any loss under the policies which has resulted directly or indirectly from the violation of the conditions, limitations or provisions of the policies by the assured." The position of the truck company upon its demurrer is that the clause is not ambiguous or open to interpretation and means just as it states, that the loss paid by the insurance company for which the truck company has agreed to make reimbursement is only such loss as resulted directly or indirectly from the truck company's violation of the policy contract. It will also be observed that the petition does not specify any item of loss resulting from the failure of the assured to give notice nor does it state that there was any defense to the suits of the injured persons or that any chance to settle with them was lost from the failure to give notice. It is clear therefore that the petition states no facts sufficient to constitute a cause of action for recovery upon the reimbursement clause of the rider.

But it is contended for the insurance company that said reimbursement clause "in legal effect is mere surplusage" so far as this case is concerned. It points out that the policy rider recites the understanding and agreement "that the conditions, limitations and provisions of the policies shall remain in full force and effect as binding between the named assured and the insurance companies," and it cites the many cases holding that the fact of failure to give notice as such fact is set forth in this petition would have afforded the insurance company a complete defense against any claims of the assured. The contention is that it ought to follow that the insurance company "should have the right to enforce the liability against the party who breached the policy provision." It is said that if the reimbursement clause of the rider "had been omitted, the legal liability of the insureds undoubtedly would have been clear."

We think that under elementary rules the respective obligations of the parties to the insurance contract were to be determined from the contract as a whole. The rider attached to the policy not only imposed a new obligation direct to injured persons upon the insurance company, but as the company well knew, obligated it to pay in certain cases where it would have been entirely relieved in the absence of the rider from any obligation to the assured. The insurance company might have required the assured to promise reimbursement for any payment necessitated by the rider which the company could have escaped had the policy stood without the rider. But it chose to incorporate only the agreement that the assured should reimburse for any loss paid by the company "which has resulted directly or indirectly from the violation of the conditions, limitations or provisions of the policy by the assured." This agreement as it was written cannot be ignored as surplusage. It is an integral valid part of the whole contract and embodies the exact and full obligation of the assured to make reimbursement to the insurance company. It would be beyond the function of the court to, in effect, rewrite the contract so as to compel the truck company to make reimbursement of all payments made by insurance company which that company could have avoided had the policy stood without the rider.

The demurrer was rightly sustained.

Affirmed.