## TRAVELERS MUT. CASUALTY CO. v. HERMAN.

### No. 11761.

Circuit Court of Appeals, Eighth Circuit.

Dec. 12, 1940.

As Corrected on Denial of Rehearing

Jan. 6, 1941.

152

Bryce Crawford, Jr., of Omaha, Neb. (Daniel J. Gross and Gross & Crawford, all of Omaha, Neb., on the brief), for appellant.

Howard A. Jones, of Topeka, Kan. (J. E. Addington, of Topeka, Kan., and John C. Mullen, of Omaha, Neb., on the brief), for appellee.

Before SANBORN and THOMAS, Circuit Judges, and DEWEY, District Judge.

DEWEY, District Judge.

The trial court found that a reimbursement clause as between an insurer and insured was invalid under the laws of Kansas.[1]

The record discloses that Mabel C. Herman of Fremont, Nebraska, as a part of her business owned and caused to be operated tractors and semi-trailers to haul petroleum products in the States of Kansas and Nebraska.

On September 3, 1937, the appellant, Travelers Mutual Casualty Company, issued to her a policy of automobile liability insurance. At that time Section 66-1,128, General Statutes of Kansas 1935, provided that: "No certificate or license shall be issued by the public service commission to any 'public motor carrier of property,' 'public motor carrier of passengers,' 'contract motor carrier of property or passengers' or 'private motor carrier of property,' until and after such applicant shall have filed with, and the same has been approved by, the public service commission, a liability insurance policy in some insurance company or association authorized to transact business in this state, in such reasonable sum· as the commission may deem necessary ·to adequately protect the interests of the public with due regard to the number of persons and amount of property involved, which liability insurance shall bind the obligors thereunder to pay compensation for injuries to persons and loss of or damage to property resulting from the negligent operation of such carrier. No other or additional bonds or licenses than those prescribed in this act shall be required of any motor carrier by any city or town or other agency of the state."

And the Kansas State Corporation Commission for administrative purposes in enforcing this section adopted Rule 24 requiring to be attached to all such policies the following endorsement:

"It is understood and agreed that the policy to which this endorsement is attached is written in pursuance of and such policy shall fulfill the insurance requirements of Section 66-1,128, General Statutes of Kansas 1935, or as may be hereafter amended, and the rules and regulations of the State Corporation Commission adopted thereunder with respect to liability for injuries to persons (except employees of the assured injured in the course of their employment) and for damage to property (except Cargo) * * *.

"It is further understood and agreed that the Company waives a description of the motor vehicles, trailers or semi-trailers insured hereunder and the policy is here-

---

[1] During oral argument this court raised the jurisdictional question whether the appeal was from a final judgment. We are now satisfied that the notice of appeal included reference to the recorded final judgment. Both parties so construed it until challenged by the court.

by amended and extended so as to cover any and all motor vehicles, trailers and semi-trailers operated or used by the Assured pursuant to the certificate, permit or license issued by the State Corporation Commission of Kansas.

"Nothing contained in the policy or any endorsement thereon, nor the violation of any of the provisions thereof by the Assured, shall relieve the Company from liability thereunder. * * *"

This insurance policy with such an endorsement attached was filed with the Kansas State Corporation Commission. The policy described and specified only one "tractor and semi-trailer unit" and the premium rate was based on liability of this unit. But the above waiver of description endorsement authorized by the above statute made the policy an elastic coverage policy embracing any and all units operated by the carrier.

The policy also contained a reimbursement endorsement, providing, among other agreements, that

"* * * the Company shall be reimbursed by the Assured for any and all loss, costs, or expenses paid or incurred by the Company and which the Company would not be obliged to pay under the provisions of the policy independently of any statutory provision of this policy and/or any endorsement thereto.

"Nothing herein contained shall be held to vary, waive, alter or extend any of the terms, conditions, agreements, statements or declarations of the undermentioned Policy other than as above stated."

It was not long after this policy was issued that both the coverage endorsement and the reimbursement agreement became highly important. On September 23, 1937, the insured, appellee, was operating a leased truck, not the one described in the policy or any other policy issued by appellant, in the State of Kansas when an accident occurred. Liability insurance was carried on the leased truck by another company but it became insolvent and an injured party sued and recovered judgment against this appellant and it was required to and did pay out the sum of $3,677.42. Thereafter this suit was brought against the insured, Mabel C. Herman, to recover under the reimbursement clause in the policy the amount so paid.

At the close of the evidence the trial court determined the reimbursement clause to be invalid, directed a verdict and entered judgment for the insured. The Insurance Company feeling aggrieved thereat has appealed to this court.

The case was tried, the court found and it is agreed here that the laws of Kansas control the disposition of the case, and we will so consider it.

There is no contention or claim that the reimbursement clause should not be read and considered as a part of the entire contract of insurance or that the parties were mislead by any fraud or overreaching or did not understand and fully agree to its provisions.

But it is the contention of the appellee that the reimbursement endorsement above referred to is void for the reason that it violates the terms of Section 66-1,128, General Statutes of Kansas 1935, and is in direct conflict with the statutory endorsement above set forth required by the Commission. Also, that if the reimbursement clause is valid and forms a part of the contract, then the contract is not a liability insurance policy as required by the State of Kansas but is merely a bond which creates between the appellant, Insurance Company, and its assured the relation of principal and surety; and that such a contract would not meet the requirements of the Kansas statutes and the rules and regulations and orders of the Kansas Corporation Commission made pursuant thereto.

The Kansas statute here involved was enacted to protect the interests of the public by assuring compensation for injuries to persons and property other than passengers and cargo from negligent operation by carriers. It was enacted only to protect third persons from injuries to themselves and their property. Continental Baking Co. v. Woodring, 286 U.S. 352, 365, 52 S.Ct. 595, 76 L.Ed. 1155, 81 A.L.R. 1402; Louis v. Boynton, D.C., 53 F.2d 471; Dunn v. Jones, 143 Kan. 218, 53 P.2d 918, 921, 922; Dekat v. American Automobile Ins. Co., 146 Kan. 955, 73 P.2d 1080.

In Dunn v. Jones, 143 Kan. 218, 53 P.2d 918, 921, is this statement: "The purpose of the insurance is adequate protection to members of the public from negligent conduct of the motor vehicle operator, not simply protection to the negligent operator against judgments rendered against him, and what the policy must assure is recoverable compensation to a member of the public for injury to person and loss of, or injury to property."

And the further statement relied upon by the appellee, as follows:

"Section 21 of chapter 236 of the Laws of 1931 [or Sec. 66-1,128, General Statutes of Kansas 1935] requires, as a condition to issuance by the public service commission of a certificate or license to a motor carrier, the filing of an insurance policy indemnifying against the condition of being liable, as distinguished from a policy which indemnifies against ultimate established loss, resulting from final enforcement of liability.

"The obligation of such a policy to pay compensation for injury to person and loss of or damage to property, resulting from negligent operation of the motor carrier, rests on the insurer from the time of accident resulting in injury.

"The obligation may be enforced by action brought directly against the insurer by the person sustaining injury."

The Supreme Court of Kansas could hardly have held otherwise under the statute, but we are unable to see where it aids the appellee. That court was not considering a reimbursement agreement. The policy in the present case is an insurance policy and not a policy of indemnity; nor is it a bond as suggested by the appellee. No case is found where the Supreme Court of Kansas has suggested that such a reimbursement clause would destroy or impair the effectiveness of the insurance contract to protect the public as required by the laws of Kansas.

Examined in the light of the declared purpose of the statute to protect the public interest, it is hard to find in the reimbursement clause any inconsistency, let alone a policy so at variance with the statute, as to make it invalid.

The appellee also claims that the different rules and regulations of the Kansas Corporation Commission upon the question of reimbursement are such as to indicate a purpose on the part of the Commission and an interpretation of its rules as to prevent a reimbursement agreement such as is here being considered.

Upon this the appellee shows that the rules and regulations as first promulgated by the Kansas Corporation Commission made no provision for reimbursement endorsements upon policies of public liability but in 1926 there was an endorsement required by an amendment to Rule 24 in the following form: "It is further understood and agreed if the company pays any loss under this policy, which has resulted directly or indirectly from the violation of the provisions of the policy by the assured, the assured agrees to reimburse the company to the extent of such loss."

And the same required reimbursement endorsement again appeared in the rules and regulations of the Commission as amended February 4, 1935. After the decision in Dunn v. Jones, supra, the Commission revised the rules, effective March 15, 1937, and eliminated this reimbursement endorsement. On August 7, 1939, the Commission again amended this Rule 24 and again required a reimbursement provision.

Nothing contained in the policy or any endorsement thereon, nor the violation of any of the provisions thereof by the assured, shall relieve the company from liability thereunder as an insurer; provided, that nothing herein shall be construed to prohibit the company from providing for the right of reimbursement or subrogation as between itself and the assured in cases where the carrier is operating equipment in violation of the permit, license, or certificate issued to him by the Commission.

From this the appellee contends that the construction placed upon the laws of Kansas by the Commission in its administrative capacity does not contemplate, permit or approve, and is at variance with, a reimbursement clause such as is here relied upon by the appellant and that the clause is therefore void and of no force or effect.

We are unable to go along with appellee in this reasoning. The agreement here in dispute was a part of the policy when it was filed with the Commission and was accepted by the Commission as complying with the laws of the State.

It might be questioned whether the Kansas Corporation Commission had any authority under the statute to require or prohibit reimbursement agreements.

In Stratton v. Atchison, T. & S. F. Ry. Co., 118 Kan. 673, 679, 236 P. 831, 834, the court, in its opinion, said: "The lawful orders of the Public Utilities Commission have the force of statutes. In effect they are administrative details of the statutes, prepared and promulgated under statutory authority."

As the power of the Commission could only extend to the administrative details of the statutes, their regulations are only valid if within the limits of the powers granted them by the legislature. Dunn v.

Jones, supra; State v. Crawford, 104 Kan. 141, 177 P. 360, 2 A.L.R. 880; W. A. Hover & Co. v. Denver & R. G. W. R. Co., 8 Cir., 17 F.2d 881, 884.

But the short answer to this argument is that at the time of the issuance of the insurance policy in question there was no provision in Rule 24 regarding any reimbursement requirement.

We can see no reason to withdraw the statement in our opinion in Travelers Ins. Co. v. Ship By Truck Company, 8 Cir., 95 F.2d 149, 151, where a reimbursement clause was under consideration, that: "The insurance company might have required the assured to promise reimbursement for any payment necessitated by the rider which the company could have escaped had the policy stood without the rider."

The motion for a directed verdict should have been overruled, and the judgment appealed from is reversed and the case is remanded for a new trial.

Reversed.