590

## WHEELER v. AMERICAN FIDELITY & CASUALTY CO., Inc.

No. 12058.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1947.

Rehearing Denied Jan. 8, 1948.

Maynard F. Robinson, of San Antonio, Tex., and Earl A. Forsythe, of Dallas, Tex., for appellant.

Henry D. Akin, of Dallas, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The appellant, T. W. Wheeler, owned and operated the Winton Truck Lines; and had a state-wide franchise from the Railroad Commission of Texas to transport freight and commodities for the United States. Having declared an intention not to operate as a common carrier, he was granted a permit to act as a contract motor carrier, using any and all highways in the State of Texas, but prohibited from transporting any commodities except on order of the Government.

Appellant carried with the appellee public liability insurance against claims for personal injuries and property losses, sustained as a result of his operations under his franchise. While so operating, one of appellant's trucks inflicted upon a boy bodily injuries, which resulted in an agreed judgment that was paid by appellant after the appellee had denied liability.

This action was brought by Wheeler, upon his insurance policies, seeking indemnification for the amount so paid. The court below held that the appellant was not entitled to reimbursement, because the insurer had limited its liability to losses from operations of its motor vehicles in counties other than the one in which the loss occurred.

■ There is ample evidence to support the finding that the appellant, at a substantial savings in premiums, requested the appellee to place endorsement 110B on his liability insurance policies. By the acceptance of this endorsement, appellant agreed that, during the term of the policies, he would not operate any insured vehicle in Dallas County, Texas, and that he would reimburse appellee for any loss that might arise from an accident occurring in that county. Such a loss did arise, which appellant paid. If appellee had been forced to pay the judgment rendered against appellant, then appellee would be entitled to be reimbursed by appellant. Since appellant himself paid the judgment, he has satisfied such obligation to the appellee.

■ Section 13 of Article 911b of the Texas statute requires insurers of all motor carriers to pay to the limit of the policies all judgments that may be recovered against the motor carriers, so as to provide continuous protection to the public. It does not forbid a provision in the policy

that the carrier will reimburse the insurer for any judgment it may have to pay for an injury occurring in a county wherein the insured agreed that the vehicles would not be operated. Such statute is for the benefit of the public; but the insured is entitled only to such protection as the policy affords him.[1] The public may be protected absolutely by endorsement 77,[2] but the appellant chose a cheaper insurance, which did not protect him in three of the most densely populated counties of the state.

Affirmed.

---

[1] Section 13, Article 911b, Vernon's Annotated Civil Statutes of Texas; 5 Tex. Jur. 663, Section 77; Vol. 1 of the 1941 Supplement to Texas Jurisprudence, p. 72, Sec. 78.

[2] This endorsement was attached to the policies that were filed with the Railroad Commission as a condition precedent, under the statute, to granting the permit to operate as a motor carrier within the State of Texas.