BENNETT v. THE PREFERRED ACC.
INS. CO. OF NEW YORK.

No. 4291.

United States Court of Appeals
Tenth Circuit.

Nov. 13, 1951.

Looney, Watts, Ross, Looney & Smith and C. J. Watts, all of Oklahoma City, Okl., for appellant, Pacific Employers Ins. Co., on the brief for appellants.

Draper Grigsby, Oklahoma City, Okl., on the brief, for appellee.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The Preferred Accident Insurance Company of New York brought this declaratory judgment action against C. K. Bennett, doing business as C. K. Bennett and Son, and Pacific Employers Insurance Company[1] to determine the relative rights and liabilities of the parties for a sum paid jointly by Preferred and Pacific in settlement of an action to recover damages for the wrongful death of an employee of Bennett. Bennett carried with Preferred a public liability policy covering personal injury and property damage, while Pacific issued to him a policy insuring him against liabilities for injuries to his employees. This appeal is from a judgment of the trial court holding that the terms of the Preferred policy required Bennett to reimburse Preferred in case it was required to pay a loss of the character involved in the settlement and fixing primary liability for the loss upon Pacific.

Bennett was a licensed motor carrier in Oklahoma. To comply with 47 Okl.St.Ann. 1941 § 169,[2] he deposited with the Corporation Commission of Oklahoma a policy of insurance issued by Preferred assuring the public of compensation for injuries to persons and damage to property occasioned by his operations as a motor carrier. The policy contained the Oklahoma amended motor vehicle Form "E" endorsement prescribed and approved by the Oklahoma Corporation Commission as contemplated by Sec. 169. The policy and the endorsement specifically excluded liability for injuries to employees of Bennett if incurred in the course of their employment, and required Bennett to reimburse Preferred for payments which it would not have been required to make except for the agreement in paragraph 4 of the policy and endorsement "E".[3]

1. The parties will be referred to as Preferred, Bennett and Pacific.

2. 47 Okl.St.Ann. § 169: "No certificate of convenience and necessity, or permit, shall be issued by the Corporation Commission to any motor carrier until after such motor carrier shall have filed with the Corporation Commission a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier, authorized to do business in this State and which has complied with all of the requirements of the Corporation Commission, which bond or policy shall be approved by the Corporation Commission, and shall be in such sum and amount as fixed by a proper order of said Commission; and such liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any such motor carrier for which such carrier is legally liable; provided, that said Commission, may, in its discretion, relieve any motor carrier herein classified under class 'C', from the obligation of filing such public liability and property damages bond. A copy of such policy or bond shall be filed with said Commission, and, after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same, and shall be a proper party so to do."

3. Condition 4 of the policy is as follows: "4. Financial Responsibility Laws— Coverages A and B.

"Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company

Shortly after the issuance of the Preferred policy, Pacific delivered to Bennett its Standard Workmen's Compensation and Employers' Liability Policy covering liability to his employees. One of Bennett's employees was killed in the course of his employment while both policies were in effect, and the administratrix of his estate brought suit in the state court of Oklahoma to recover damages for the wrongful death of the employee. When the aforesaid settlement of this action was made, each insurer paid one-half of the agreed amount under a stipulation that the ultimate liability should be determined in this action. Pacific agrees that under its policy it was required to defend the action on behalf of Bennett and is liable for the damages suffered by the employee. It maintains, however, that Preferred, under Oklahoma law, is also liable for the injuries; and that Preferred made no payment which it was not required to make under the terms of its policy, therefore it should pay the loss in proportion to its coverage. This contention grows out of a decision of this court and two cases decided by the Oklahoma Supreme Court. Continental Casualty Co. v. Shankel, 10 Cir., 88 F.2d 819; Casualty Reciprocal Exchange v. Sutfin, 196 Okl. 567, 166 P.2d 434; Stanley v. Mowery, 201 Okl. 480, 207 P.2d 277. These cases read the statute into the policies and held that public liability insurance issued to comply with that statute was for the benefit of the public, including employees, and refused to exclude an employee from that class of persons which the statute intended should be protected. The Oklahoma court also held that insofar as the policy with the Form "E" endorsement attempted to exclude liability for injuries to employees of the carrier it was ineffective. In these three cases the insurance coverage was limited to public liability policies and the litigation involved the employer, the insurer and the

injured employee. The question presented related only to including an employee in that class of persons which the statute was designed to protect.

■ The case before us presents an entirely different situation. Here the liability to the employee is admitted and the dispute is between the insuring companies as to which shall pay the claim. Pacific concedes its liability if the provisions of the Preferred policy require Bennett to reimburse Preferred for the payment which it has made. In the Preferred policy Bennett agreed to reimburse Preferred for any payment it was required to make which it would not have been required to make under the terms of the policy except for the provisions of condition 4 and endorsement "E". Although the language of the policy is somewhat ambiguous as to what payments should be reimbursed, it appears to us that the essence of these reimbursement clauses is that Bennett will repay Preferred for any payment made by the company which it would not have been required to make under the terms of the policy. We think the trial court was correct when it concluded that under the terms of the Preferred policy Bennett was under obligation to reimburse Preferred for any sum which it had paid for the loss in question and placed the entire obligation upon Pacific because its policy specifically and by its terms covered the loss while the liability of Preferred was by implication of law and contrary to its specific terms. Preferred and Bennett apparently construed the provisions accordingly as the premium charges of Preferred did not include this coverage, and Bennett purchased the Pacific policy to protect himself in case such reimbursement was required.

■ Insurance is written to cover a variety of risks and combination of risks and premiums are calculated according to

for any payment made by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

Endorsement "E" contained this provision:

"The insured agrees to reimburse the

Company for any payment made by the Company on account of any accident, claim, or suit involving a breach of the terms of the policy, and for any payment that the Company would not have been obligated to make under the provisions of the policy except for the agreement contained in this endorsement."

751

the risk. There can be no doubt in this case as between Preferred and Bennett that the parties were at liberty to contract for insurance to cover such risks as they saw fit and be bound by the terms of the contract, and courts may not rewrite the contract. Collins v. United States, 10 Cir., 161 F.2d 64, certiorari denied 331 U.S. 859, 67 S.Ct. 1756, 91 L.Ed. 1866; Aetna Ins. Co. of Hartford, Conn. v. Jeremiah, 10 Cir., 187 F.2d 95. Bennett and Preferred knew that under Oklahoma law the employees could not effectively be excluded from the coverage. This did not, however, prevent a provision in the insurance agreement requiring Bennett to reimburse Preferred for any payment that it would not be required to make except for certain provisions of the policy. Travelers Mutual Casualty Co. v. Herman, 8 Cir., 116 F.2d 151, certiorari denied 313 U.S. 564, 61 S.Ct. 842, 85 L.Ed. 1523; Travelers Ins. Co. v. Ship By Truck Co., 8 Cir., 95 F.2d 149; Wheeler v. American Fidelity & Casualty Co., 5 Cir., 164 F.2d 590; Illinois Casualty Co. v. Krol, 324 Ill.App. 478, 58 N.E.2d 473; Service Mutual Liability Ins. Co. v. Aronofsky, 308 Mass. 249, 31 N.E.2d 837. When such an agreement was reached it reduced the risk of Preferred and the premium was less accordingly. The policy provisions brought into play the Oklahoma law except for which the parties could have excluded from the coverage employees of Bennett. Consequently the payment made by Preferred was not made under the terms and provisions of the policy.

Furthermore we think that as between the two companies the loss should fall upon Pacific. It is evident from the terms of the policies that it was the intention of the Preferred policy to exclude liability for injuries to the employees of Bennett and premiums were not collected for such coverage. That liability existed entirely by operation of a statute enacted for the protection of the public not the insured. The Pacific policy, however, was intended to cover a liability specifically excluded in the Preferred policy and premiums were collected for that coverage. Under the terms and coverage of the two policies the liability of Preferred to Bennett was sec-ondary to that of Pacific. Preferred having paid a portion of the claim which should have been discharged in full by Pacific, in equity it is subrogated to the rights of Bennett or should be indemnified by Pacific. Restatement, Restitution, Sec. 76; Ætna Life Ins. Co. v. Moses, 287 U.S. 530, 53 S.Ct. 231, 77 L.Ed. 477; Ætna Life Ins. Co. v. Middleport, 124 U.S. 534, 8 S.Ct. 625, 31 L.Ed. 537; Amalgamated Casualty Ins. Co. v. Winslow, 77 U.S.App.D.C. 382, 135 F.2d 663; George's Radio v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219; Crab Orchard Improvement Co. v. Chesapeake & Ohio Ry. Co., 4 Cir., 115 F.2d 277, certiorari denied 312 U.S. 702, 61 S.Ct. 807, 85 L.Ed. 1135; Standard Surety & Casualty Co. v. Standard Accident Ins. Co., 8 Cir., 104 F.2d 492, certiorari denied 308 U.S. 598, 60 S.Ct. 129, 84 L.Ed. 500; Myles v. Meineke, 82 Ohio App. 126, 78 N.E.2d 917; Hartford Accident & Indemnity Co. v. Worden-Allen Co., 238 Wis. 124, 297 N.W. 436.

The doctrine that the burden of discharging a debt or obligation should be placed where it ought to rest is firmly entrenched in Oklahoma law. In Richardson v. American Surety Co., 97 Okl. 264, 223 P. 389, 392, the Supreme Court of Oklahoma said: "The principle to be derived from the doctrine of subrogation is that it is born of equity, and results from the natural justice of placing the burden where it ought to rest. It does not flow from any fixed rule of law, but rather from principles of justice, equity, and benevolence. It is a purely equitable result, depending, like other equitable doctrines, upon the facts and circumstances of each particular case to call it forth. It is a device adopted or invented by equity to compel the ultimate discharge of a debt or obligation by him, who in good conscience ought to pay it."

The rule has been followed in Smith v. Minter, 200 Okl. 208, 191 P.2d 929; Fourth Nat. Bank of Tulsa v. Board of Com'rs of Craig County, 186 Okl. 102, 95 P.2d 878; Home Owners' Loan Corp. v. Parker, 181 Okl. 234, 73 P.2d 170; Mitchell v. Jackson, 177 Okl. 441, 60 P.2d 390. In New York Casualty Co. v. Sinclair Refining Co., 10 Cir., 108 F.2d 65, 71, this court, speaking

on the subject, said that "Where two persons are jointly liable to the creditor for a debt so that payment by one would constitute at law an absolute discharge thereof by performance, if as between themselves a superior obligation rests on one to pay the debt and the other pays it, equity will regard the debt as still in force for the benefit of the latter as subrogee."

Judgment is affirmed.