## HIGHWAY INSURANCE UNDER-WRITERS, Appellant,

v.

## J. H. ROBINSON TRUCK LINES, Inc. (now Inland Motor Freight Lines, Inc.), Appellee.

No. 12740.

Court of Civil Appeals of Texas.

Galveston.

Oct. 28, 1954.

Rehearing Denied Dec. 9, 1954.

Second Rehearing Denied Jan. 13, 1955.

Dyess, Dyess & Jennings, A. D. Dyess, Houston, Arthur D. Dyess, Jr., Houston, of counsel, for appellant.

Kelley, Looney, McLean & Littleton, L. C. McLean, Edinburg, for appellee.

CODY, Justice.

This is an action by appellant against appellee to recover sums of money paid by appellant in investigating, defending and settling a claim and law suit styled "Mrs. Sina. DuBois et vir v. J. H. Robinson Truck Lines, Inc.". The court, trying the case without a jury, rendered judgment that appellant take nothing by its suit. Appellant was the insurance carrier of public liability on trucks which were operated by the appellee, J. H. Robinson Truck Lines, Inc., inclusive of a certain truck which was making a run from Galveston back to Houston on February 7, 1951, at which time said truck, being operated by a driver of appellee, ran into the rear of a 1950 Chrysler automobile which was then being driven by Mrs. Sina DuBois.

At this point it would probably simplify matters to state that by force of Sec. 13 of Art. 911b of Vernon's Ann.T.S., all insurers of motor carriers must pay to the limits of their policies all judgments that may be recovered against the motor carriers, so as to provide continuous protection to the public. But the law in question does not forbid a provision being included in the policy requiring the carrier to reimburse the insurer for any judgment it may have to pay for an injury accruing in a county wherein the insured agreed that the vehicles would not be operated. The statute, of course, is for the benefit of the public, but

the insured is entitled only to such protection as the policy affords him.[1]

In the instant case Endorsement 77 ("Motor Vehicle Endorsement—Texas Railroad Commission form") was attached to the policy of insurance. And by force of said endorsement the insured agreed to reimburse the company for any loss under bodily injury liability and property damage liability which the company should be obligated to pay (with certain exceptions not here relevant) if the insured truck should be used beyond the radius of 50 miles from Corpus Christi, the point at which the insured warranted or at least represented same was garaged. The rate applicable for the insurance carried was less on trucks used within a radius of 50 miles of Corpus Christi than on trucks operating out of and garaged at Houston. Appellant here states, and appellee does not deny, that appellee removed the truck to Houston and operated same out of Houston for some seven months before the accident occurred. When appellant received notice of the accident, it notified appellee that it disclaimed liability under the policy on the grounds that, as operated from out of Houston, the truck was not covered by the policy of insurance. Thereafter the appellee and appellant entered into the following agreement:

"Reservation Agreement

"It is hereby mutually agreed between J. H. Robinson Truck Lines, Inc., first party and Highway Insurance Underwriters Insurance Company signing this agreement second party, as follows:

"The second party or any of its representatives or attorneys may proceed to investigate the cause or circumstances under which an accident occurred at or near Hitchcock, Tex. on or about the 7th day of February, 1951. That the second party, its representatives, or attorneys aforesaid, may investigate any and all things affecting their rights, directly or indirectly, present or remote in connection with their policy No. A07–32658 issued to J. H. Robinson Truck Lines, Inc. of Corpus Christi, Tex., effective from the 21st day of July, 1950, to noon, Standard Time, on the 21st day of July, 1951, that the party of the second part, its representatives or attorneys, may investigate, prepare for, or actually defend me or us, the undersigned, party of the first part, without prejudice to the party of the second part and still reserving unto the said second party all its rights and defenses as fully and completely as if the said second party had refused to take any steps whatever, in the investigation or defense as above set out.

"All of the acts of all parties with respect to the matter herein referred to shall be deemed to be voluntary and to be done pursuant to the agreement herein expressed.

"Notice is hereby given by the party of the second part, and accepted by the party or parties of the first part, that the signer of this agreement for the party of the second part, has no authority either express or implied to waive or invalidate any of the rights whatever of or to commit the party of the second part.

"The intent and purpose of this agreement is to permit an impartial and full investigation of all matters relating to said accident and the liability, if any, on the second party, without incurring any admission of liability, and to preserve without estoppel, waiver or forfeiture of, any of the rights to any of the parties hereto.

"Signed in duplicate, this 16th day of March, 1951.
        "J. H. Robinson Truck Lines, Inc.
        "By: /s/ J. H. Robinson, President
                "Party of the First Part
"/s/ Kenneth E. Wise
"Party of the Second Part.
"Highway Insurance Underwriters."

1. We have virtually lifted the language of the paragraph to which this footnote is appended from Wheeler v. American Fidelity & Casualty Co., Inc., 5 Cir., 164 F.2d 590, 591.

The appellant here predicates its appeal upon three points, contending in substance that the appellant should have recovered (1) because the undisputed evidence showed that appellee was contractually bound to reimburse appellant for the amounts paid in investigation, defending and settlement of the DuBois case, (2) because "conditions going to the coverage and scope of the policy, as distinguished from those furnishing a ground for forfeiture, may not be waived by implication from conduct or action without an express agreement, supported by a new consideration", and (3) because the evidence was insufficient as a matter of law to raise any issue of estoppel and/or waiver by appellant of it rights under the insurance contract, and under the Reservation of Rights Agreement.

Here the undisputed evidence showed that appellant defended the main suit brought to recover damages by Mrs. DuBois three times, i. e., there were three mistrials. The last mistrial resulted from a hung jury. The appellant established that some of the jurors would not award less than $15,000 damages to Mrs. DuBois for her personal injuries and some would not award less than $8,000. The main suit had been brought to recover $67,500. After the third mistrial appellant sought to have appellee to contribute to a settlement of the case and sought to have appellee authorize a settlement. This appellee steadfastly refused to do. Thereupon appellant settled the case of personal damages to Mrs. DuBois for $7,200 plus certain medical expenses and it was agreed that appellant's lawyer's expenses were some $900 and appellant brought this suit against appellee to recover the amount of settlement, attorney's fees, cost of investigation, etc.

■ There is nothing in the above quoted "reservation agreement" which by its terms authorized appellant to settle the main suit. A nonwaiver agreement must be strictly construed against the insurer and construed liberally in favor of the insured. Pennsylvania Fire Insurance Co. v. Hughes, 5 Cir., 108 F. 497. See also Appleman on Insurance, page 940, and Springfield Fire & Marine Insurance Co. v. Hassen, Tex. Civ.App., 53 S.W.2d 1031.

■ The aforesaid agreement set out hereinabove verbatim authorized the appellant to investigate and actually defend the main suit without prejudice to appellant, reserving to appellant all its rights and defenses as fully and completely as if appellant had refused to take any steps whatever in the investigation or defense of the claim in question. The aforesaid agreement authorized appellant merely to defend the main suit and do what was necessary to make such a defense, but in that connection the word "defend" does not mean that the suit had to be successfully defended but such provision did require that the suit be contested until final judgment. Utilities Insurance Co. v. Montgomery, 134 Tex. 640, 138 S.W.2d 1062. There is nothing in the contract in question which authorized the main suit to be settled. Whether or not appellant would have been authorized under said agreement to recover the expenses of the investigation and the attorneys' fees which it paid out in the mistrials is not made an issue before us and no complaint is made that the trial court did not allow the recovery of such expenses under the aforesaid agreement. That is, appellant is not here seeking recovery of the expenses of the investigation, and of its attorney's fees expended in the defense of the DuBois suit, except as the same constitutes a part of its whole and entire expense in connection with the DuBois claim and suit.

We come now to pass on whether or not the terms of the aforesaid "reservation agreement" barred appellant from exercising whatever rights it had under the law and its policy of insurance to settle the claim and law suit of Mrs. DuBois. The agreement very clearly gave appellant authority to investigate the DuBois claim and defend a suit brought thereon against appellee without prejudice to appellant's contention of nonliability thereon. Beyond that, so far as here material, the agreement is rather obscurely expressed. But for present purposes we will assume that the intention of the agreement was to save to

appellant all its rights under the policy, including the right to settle and compromise the DuBois claim of liability against appellee.—Indeed, the next to last paragraph thereof may well be given such construction. Just what meaning of the closing words of the paragraph "or to commit the party of the second part", is, we find baffling.

But what were the rights of appellant under the policy to settle the DuBois claim? To pay same off with its own money, not to pay it off for the account of appellee. Here appellant had the right to stand on its claim that appellee, by moving the truck to Houston where the traffic is more dense, removed it from the protection of the policy, as between appellant and appellee. In such case, appellant had no right to agree that appellee was liable to Mrs. DuBois. In other words, if appellant contends that the policy, as between insurer and insured, was in force so as to authorize appellant to settle the suit, then appellant was serving its own purpose when it paid the claim off. Certainly it is novel doctrine to say that by paying such claim appellant became subrogated to the DuBois claim, as against its own insured.[2] On the other hand, if the policy was not in force as between the insured and the insurer, appellant had no authority thereunder to settle the claim and suit.

Under the circumstances of this case, it is not necessary to pass on whether, by removing the truck from Corpus Christi to Houston, appellee removed it from the protection of the policy. We hold that the "reservation agreement" did not authorize appellant to settle the DuBois case. We hold that the policy of insurance did not authorize appellant to recover from appellee any sums which it paid out in settlement of the liability against which appellant insured appellee.

We overrule appellant's points and order the judgment affirmed.

Affirmed.

### On Appellant's Motion for Rehearing

The controlling words in Endorsement 77, which was attached to the policy are these: " * * * the insured agrees to reimburse the company for any loss under Bodily Injury Liability and Property Damage Liability, which the company is obligated to pay (including reasonable expenses paid, provided demand therefor on the part of the company be made in writing within thirty (30) days after the payment of such claim if settled by agreement, otherwise, such demand to be made at the time of final payment) * * * ."

Under the quoted language taken together with the fact that appellant repudiated any liability under its policy, the appellee was bound to reimburse the appellant for any loss under the Bodily Injury Liability and Property Damage Liability only in case a recovery was had against appellant in the main suit brought against it by Mrs. Sina DuBois, et vir. It is quite evident that it was appellee's position that its driver was not liable and was guilty of no act of negligence which made appellee liable and after appellant had bound and obligated itself to defend the suit, it could not breach this obligation and agree that appellee's driver was guilty of negligence, and in making the compromise settlement appellant can only be deemed as having acted for its own interest.

Motion for rehearing refused.

---

2. Appellant does not in terms claim that it became subrogated to the DuBois claim against appellant by paying same off. But by what other known process could appellant succeed to said claim against the will of appellee as a result of paying said claim, which, incidentally, appellee did not recognize?