[Sac. No. 472.   Department One.—July 1, 1899.]

JOHANNA GLUECK et al., Respondents, v. ADOLPH P. SCHELD, Appellant.

ACTION FOR DEATH—NEGLIGENCE—DISCHARGE OF PISTOL CARELESSLY HANDLED.—One engaged in manipulating a loaded pistol in presence of others should use great care in the manipulation; and in an action for a death caused by the discharge of a pistol carelessly handled, the negligence of the defendant is sufficiently shown by evidence that the loaded pistol was pointed by him in the general direction of the deceased, with knowledge thereof, and was being manipulated in a manner likely to cause it to be fired.

ID.—CONTRIBUTORY NEGLIGENCE—POSITION OF DECEASED.—The position of the deceased, about forty feet off at an angle from a target, at which defendant and others had been firing, and about one hundred and fifty feet from the defendant, when the loaded pistol of the defendant, without being fired at the target, was negligently discharged, thereby causing his death, did not constitute contributory negligence *per se;* and the jury were justified in finding that his position when killed was not in itself a dangerous one, and that he was not guilty of contributory negligence in being at that point, at that time.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

A. L. Hart and Albert M. Johnson, for Appellant.

The injury was the result of an extraordinary and unanticipated accident, which neither party knew or had reason to believe would produce the result; and the defendant is not responsible therefor. (Beach on Contributory Negligence, secs. 36, 37 et seq; *Niosi v. Empire Steam Laundry*, 117 Cal. 257; *Blyth v. Birmingham etc. Co.*, 11 Ex. 781; *Crafter v. Metropolitan Ry. Co.*, L. R. 1 Com. P. 300; *Metropolitan Ry. Co. v. Jackson*, L. R. 3 App. Cas. 193; *Sharp v. Powell*, L. R. 7 Com. P. 253; *Stanly v. Powell* (1891), 1 Q. B. 86; *Harvey v. Dunlop*, Hill & D. 193; *Brown v. Kendall*, 6 Cush. 292; *Morris v. Platt*, 32 Conn. 75; *Parrott v. Wells*, 15 Wall. 524.) One who knowingly puts himself in a dangerous position cannot recover for a resulting injury. (Pollock on Torts, Webb's Am. ed., 191; *Schoenfeld v. Milwaukee City Ry. Co.*, 74 Wis. 433; *L. S. & M. S. R. R. Co. v. Clemens*, 5 Bradw. (Ill. App.) 77; *Illinois Cent. R. R. Co. v. Hetherington*, 83 Ill. 510.)

Isaac Joseph, T. J. Crowley, and F. C. Castelhun, for Respondents.

The questions of negligence and contributory negligence were passed upon by the jury, upon conflicting evidence and reasonable inferences of fact, and their verdict is conclusive. (*Buchel v. Gray*, 115 Cal. 421; *Carraher v. San Francisco Bridge Co.*, 100 Cal. 177; *Boyd v. Addous*, 97 Cal. 510.) An unanticipated accident will not free from responsibility one who heedlessly handles firearms. (*Tally v. Ayres*, 3 Sneed, 677; *Chataigne v. Bergeron*, 10 La. Ann. 699; *Chiles v. Drake*, 2 Met. (Ky.) 146, 154; 74 Am. Dec. 406; *Wright v. Clark*, 50 Vt. 130, 135; 28 Am. Rep. 496.) If a person is injured by the discharge of a gun in the hands of another who has entire control of it, the burden is cast upon the latter to prove that the gun was not fired at the party injured either intentionally or negligently, but the result was inevitable and without the least fault upon the part of the one handling the gun. (*Atchison v. Dullam*, 16 Brad. (Ill. App.) 42; *Moebus v. Becker*, 46 N. J. L. 41; *Morgan v. Cox*, 22 Mo. 373; 66 Am. Dec. 623; *Bullock v. Babcock*, 3 Wend. 391; *Dixon v. Bell*, 5 Maule & S. 391; *Dalton v. Favour*, 3 N. H. 465; *Whitby v. Brock*, 4 Times L. R. 241.)

GAROUTTE, J.—The widow and children of Frederick Glueck, deceased, have brought this action to recover damages for his death, which occurred under the following state of facts:

Defendant and a friend were firing at a target with pistols at a distance of about one hundred and thirty-five feet, and near the home of Glueck. He was standing at an angle from the target and defendant and some forty feet distant from the target, and one hundred and fifty feet distant from defendant, observing the firing. Defendant's pistol became disarranged, and while holding it upon his knee and in the act of repairing the defect it was fired, and the ball struck and killed Glueck. The pistol was pointed in the general direction of Glueck at this time. The evidence is sufficient to indicate that fact, especially so when the sad results of the shot are considered. Upon this state of facts were the jury justified in holding defendant pecuniarily liable? The true solution of this question is dependent upon the propositions, viz: Was the defendant guilty of negligence, and if so, was the deceased guilty of such contributory negligence as would release defendant from liability? Appellant's counsel contend with but little zeal that defendant was not guilty of negligence. A party who is engaged in manipulating a loaded pistol in the presence of other people should use great care in such manipulation; and the fact that this pistol was pointed in the general direction of the deceased, with knowledge of defendant that it was loaded, and with the further knowledge by him of the location of the deceased at that time, and in view of the further fact that it was being manipulated in a manner which was likely to cause it to be fired, are matters which taken together are amply sufficient to stamp the conduct of the defendant as negligent to a great degree. In the statement of the foregoing facts we give them in line with the verdict of the jury. Under the evidence, the jury were justified in finding these facts as we have summarized them, and upon such a finding they were authorized in saying that defendant did not exercise that care in handling his pistol which the law demands.

Was the deceased guilty of contributory negligence? Much is said by defendant's counsel regarding the dangerous position occupied by deceased when shot, to the effect that he was but

forty feet from the target and had been warned that his position was a dangerous one and advised to change it. If deceased had been killed when defendant was firing at the target, by reason of a spent ball, or a poor aim or a premature discharge of the pistol, these claims would have weight. But we do not see that they have anything to do with the case under existing circumstances. It would seem that the firing at the target is almost a false quantity. The deceased was not killed by reason of his proximity to the target; and thus his position of danger, if it was a dangerous one, did not contribute to the accident. Perchance before the firing at the target had been resumed he would have changed his position. In its simplest form the case seems to be that deceased was standing about one hundred and fifty feet distant from defendant, who was manipulating a loaded pistol. At this time the pistol was accidentally discharged by reason of this manipulation, and deceased was killed by the shot. Under these circumstances, the jury were entirely justified in finding deceased was not guilty of negligence by reason of being at the point where killed. In other words, the jury had the right to say, from the evidence, that his position at the moment of time when he was killed was not in itself a dangerous one.

The law of the case was properly presented to the jury.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.