GEORGE BRIMER, *et al. v.* CARL A. SCHEIBEL.[*]

(*Knoxville.* September Term, 1926.)

Opinion filed November 20, 1926.

1. DAMAGES.   Joint tort-feasors.   Accord and satisfaction.

The rule that a joint tort-feasor is released by the extinguishment of the claim against another joint tort-feasor, finds application only when the person released, and the person claiming the benefit of the release, are jointly liable for the wrong. (Post, p. 257.)

Citing 34 Cyc., p. 1087; (b) Pittsburg R. Co. v. Chapman, 145 Fed., 386.

2. SAME.   Independent tort-feasors.   Election.   Accord and satisfaction.

Where several are implicated, yet are not joint tort-feasors; if the injured person must elect between one or more of several wrongdoers, the acceptance of satisfaction from one would discharge others.   But generally the doctrine of election does not apply to distinct causes of action, arising out of independent transactions with different persons.   (Post, pp. 257-258.)

Citing Swain v. Tennessee Copper Co., 111 Tenn., 444.

3. SAME.   Same.   Independent transactions.   Same.

The consequence of the omission of a contractual duty by one, where the measure of damage is compensatory, and the unlawful acts of others, with liability not only compensatory, but to respond in punitive damages, may be the same, yet the causes

---

[*]As to effect of release of one joint tort-feasor on liability of the other, see annotation in 58 L. R. A. 293; L. R. A. 1918F, 363; 26 R. C. L. 763; 4 R. C. L. Supp. 1679; 5 R. C. L Supp. 1425; 6 R. C. L. Supp. 1567.

of action being wholly distinct, a satisfaction upon the contractual obligations of the one would not bar the action against the other for torts, nor would there be a merger. (Post, p. 258.)

---

*Headnotes 1. Release, 34 Cyc., p. 1088; 2. Release, 34 Cyc., pp. 1086, 1088; 3. Election of Remedies, 20 C. J., section 7; 4. Release, 34 Cyc., p. 1088.

## FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals and by *certiorari* to the Supreme Court.—HON. A. C. GRIMM, Judge.

BOWEN & BOWEN and CHAS. L. HOUSEHOLDER, for plaintiff in error.

STEINMETZ & LOWE, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Scheibel sued and recovered a judgment of $3,000 from Brimer and others under a declaration which charges:

First count. That George Brimer, Watt East, Sam Milligan, and Bob Stansberry and others lay in wait and made a brutal assault upon him and bruised and wounded him rendering him unconscious, dragged him through the yard of the Coster Shops of the Southern Railway to an automobile, transported him some distance to the city of Knoxville and there held him in custody, etc., for which he sues for compensatory and exemplary damages.

Second count. That the defendants, employees of the Southern Railway, out on a strike lay in wait for him, made a brutal assault upon him, inflicting the injuries charged in the first count, and compelled him to travel several miles to a room of a hotel in the city of Knoxville where defendants imprisoned and restrained him of his liberty for which he claimed, compensatory and punitive damages. The defendants plead not guilty and the cause was tried before a jury in the circuit court.

The defendants were striking employees of the Southern Railway and plaintiff was employed to operate the turntable at the shops, in the place of a striking employee. This statement is pertinent to the question presented through the assignment of error sustained by the Court of Appeals under which the cause is reversed and remanded, because the trial judge refused to let in a plea of accord and satisfaction offered during the cross-examination of the plaintiff. Defendants attorney stated that he did not know until that moment that plaintiff had sued the Southern Railway for damages arising out of this assault, and compromised his claim against the Railway which was in full satisfaction of the damages which he was seeking to recover from the defendants, and asked leave to file a plea of accord and satisfaction.

The court after inspection of the record in the case against the Southern Railway refused to entertain the plea, but directed that the record in that case be made a part of the record in this case, and it was done.

As against the Southern Railway Scheibel charged that a controversy existed between the Railway and its employees who were on a strike endeavoring to enforce their demands by intimidation and violence against those who

remained at work or accepted employment, and that the Railway knew these facts and owed the duty of protecting its employees, and to furnish them a safe place to work, and to guard and warn them of the injury by the strikers.

In the first count it is charged that the Railway negligently failed to perform this duty in consequences of which plaintiff was assaulted by a mob and injured and suffered mental and physical pain, and lost time and incurred expense as a consequence of the assault. He charges in the second count that the Railway solicited him to enter its employment and agreed to protect him against injury from strikers, and relying upon the promise, plaintiff entered service of the Railway and was injured because the Railway negligently failed to guard its workmen from its striking employees who entered the shops and inflicted the injuries for which he sues. An order was entered reciting that Scheibel's claim against the Railway was compromised and settled out of court at defendants cost.

It is insisted by the defendants, Brimer and others, that the compromise of Scheibel's suit with the Railway was a satisfaction of the damages which he seeks to recover in the action against them.

The Court of Appeals held that satisfaction of the claim against the Railway extinguished the claim against Brimer and others for compensatory damages, or at most the amount received from the Railway should reduce the recovery against Brimer and others *pro tanto.*

The cause was remanded with permission of defendants to plead and prove a settlement in bar, or otherwise in reduction of defendants liability to the extent

of the Railway's contribution. This is the only question presented by the petition for *certiorari,* all other assignments of error having been passed upon and foreclosed by the Court of Appeals.

The defendants below insist that the satisfaction of Scheibel's claim against the Railway for its omission to afford him a safe place to work, and its breach of agreement to guard and protect him, operates to extinguish his claim for the active assault. It is not insisted that Brimer and others were joint tortfeasors with the Railway, but that Scheibel has obtained satisfaction from the Railway for the damages which he is seeking to recover in his separate action from Brimer and others.

The rule that a joint tort-feasor is released by the extinguishment of the claim against another joint tortfeasor finds application only where the person released and the person claiming the benefit of the release, are jointly liable for the wrong. 34 Cyc. 1087 (b); *Pittsburg R. Co.* v. *Chapman,* 145 Fed., 886.

Beyond this the doctrine of election is applied as where several persons are implicated in perpetrating a wrong, yet are not joint tort-feasors. In such case, if the injured person must elect between one or more of the several wrongdoers, acceptance of satisfaction from one would discharge the others, but speaking generally, the doctrine of election does not apply to distinct causes of action arising out of independent transactions with different persons.

In *Swain* v. *Tennessee Copper Company,* 111 Tenn., 444, it is said if two persons act independently in producing an injury, they are not joint tort-feasors though

154 Tenn.—17.

both are guilty of conduct that constitutes the single injury, and that they are not jointly liable for their combined acts and cannot be jointly sued.

In such a situation acceptance of satisfaction from one in respect to his part of the wrong-doing would not discharge the others from liability for their respective shares in the transaction. The question presented in this case goes beyond this and presents the proposition that plaintiff's claim against the Southern Railway, includes the damages recoverable from the defendants for their assault.

The causes of action and the foundation of liability rest upon wholly distinct grounds. That against the Railway springs from the contractual obligation to furnish a safe place to work, and to guard and protect plaintiff from the assault, and the measure of damages would be restricted to compensation. The action against the defendants arises out of their intentional wrongful act. The Railway is merely charged with an omission of a contractual obligation, and liability to make compensation in the nature of insurance.

The defendants are charged with an unlawful assault and imprisonment, and with liability not only to compensate for the injury, but to respond in punitive damages. Though the ultimate consequences of the omission of duty by the Railway and the unlawful act by defendants may be the same, the causes of action and the liability were wholly distinct, and a recovery upon the Railway's contractual obligation would not bar the action against defendants for their tort, nor would there be a merger.

The obligation of the Railway under its contract was in the nature of an insurance against injury from the striking employees, and afforded a wholly distinct ground of liability, and a wholly different compensation from the damages recoverable from the defendants for their tort.

The defendants could not plead the settlement between plaintiff and the Southern Railway in satisfaction of the claim against them, and it was not error for the trial judge to refuse to allow the plea.

The judgment of the Court of Appeals is reversed and that of the circuit court affirmed.