**MYLES, Plaintiff-Appellant, v MEINEKE, et., Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20806. Decided February 17, 1948.

Messrs. Grossman, Carter, Hamilton & Rosenman, Cleveland, for plaintiff-appellant.

Messrs. Harrison & Marshman, Cleveland, for defendant-appellee, Melvin Wm. Meineke.

Messrs. Bulkley, Butler & Pillen, Cleveland, for defendant-appellee Indemnity Insurance Co. of North America.

## OPINION

By HILDEBRANT, J.

Law appeal direct from the Municipal Court of Cleveland, Ohio.

Plaintiff suffered injuries when he was wrongfully shot by one Meineke, a private policeman on duty at the time for The Lees-Bradner Company.

Recovery here is sought on two bonds, one required by the City of Cleveland, the other by the State of Ohio, each signed by defendant Meineke and defendant Indemnity Insurance Company of North America.

The conditions of the City bond are:

"THE CONDITIONS OF THIS OBLIGATION are such that whereas, the said Melvin Wm. Meineke was on the Tenth day of June, 1942, commissioned as a Private Policeman in the City of Cleveland;

"NOW, IF THE SAID Principal shall faithfully, honestly, and imparitally perform and discharge the duties of Private Policeman while he shall hold such commission in accordance with the laws of the State of Ohio, and the Charter and Ordinances of the City of Cleveland, then this obligation shall be void, otherwise to remain in full force and virtue in law."

The conditions of the State bond are:

"WHEREAS, the General Code of Ohio, in authorizing such an officer to go armed requires that he first give bond to the State of Ohio;

"NOW, THEREFORE, any person injured by improper use of the weapon carried by the said Melvin Wm. Meineke, shall have recourse under this bond; but if the public shall be saved harmless from any improper use of such weapon carried by the said Melvin Wm. Meineke, then this obligation shall be void."

Any question as to the right to sue on these bonds is settled affirmatively by reference to **The American Guaranty Co. v McNiece, 111 Oh St 532.**

Prior to the bringing of this action, plaintiff recovered a judgment of $10,000.00 against The Lees-Bradner Company for the injury and damage occasioned by the wrongful shooting by Meineke, which was paid by its insurer, The Fidelity & Casualty Company of New York, which company became a party defendant herein by intervention and in whose favor the Municipal Court rendered judgment on the two bonds in suit, finding it to be subrogated to the rights of the injured party, having paid the judgment and entitled to recover its loss within the limits of the bonds from Indemnity Company of North America, as surety for Meineke, the wrongdoer, and, hence, primarily liable.

Plaintiff claims the City Ordinance and State Statute requiring the bonds created new causes of action separate and distinct, and not related to the common law rights of the plaintiff, so as to be barred by the recovery in that action. **Phillips Sheet & Tin Plate Co. v Griffith, 98 Oh St, 73** is cited in support of plaintiff's contention, wherein recovery against the County under a mob statute was held not to be a bar to a suit against defendant company for wrongful assault.

In that case the court pointed out that the issues were entirely different, the common law action being one for damages only, and the statutory remedy against the county being an additional one dependent upon an entirely different state of facts, and in effect affording some remedy for harm by unknown participants in a mob constituting a breakdown of constituted county authority, for which it ought to be held responsible.

The ordinance and statute requiring bonds give no new or additional remedy for the wrong, but merely provide a

limited security in the enforcement of the existing common law remedy against a wrongdoer who may be insolvent.

Commenting on the Phillips Sheet & Tin Plate Co. v Griffith case, supra, the Court in **Harron v Youngstown, 136 Oh St 190,** at page 199, says:

"* * * and that although §6287 GC, provides for reimbursement to the county from any of the persons composing the mob in case the county is obliged to pay, nevertheless the county and the defendant were each liable on an entirely different state of facts in different causes of action, and that one recovery was not a bar to the other. See, also, Briner v Scheibel, 154 Tenn., 253, 290 S. W., 5, 50 A. L. R. 1052.

"The former action of the plaintiff against the lessees and this action against the city are based upon the same wrongful act for which the plaintiff is entitled to but one satisfaction. In case the city is obliged to respond in damages in this action there exists the right of subrogation and right of reimbursement in favor of the city as against the lessees."

Here, Meineke is the wrongdoer and his surety liable only by reason thereof, so that its liability is predicated solely on the identical and same wrongful act, fixing the liability of Meineke. It is elementary that plaintiff is entitled to but one satisfaction of his wrong. Recovery if allowed the plaintiff here would amount to an additional satisfaction for the one wrong.

There can be no controversy here but that Meineke, the wrongdoer is primarily liable with The Lees-Bradner Company being only secondarily so, and, on payment of the judgment against it, subrogated to the rights of the injured party against the wrongdoer. By its contract, The Fidelity & Casualty Company of New York stands in the shoes of The Lees-Bradner Company.

Having been paid the judgment against The Lees-Bradner Company, secondarily liable in full, no claim on the part of plaintiff remains against Meineke, primarily liable. Again, it is elementary that if plaintiff has no claim against the principal, he can have none against the surety. However, the one secondarily liable having satisfied the wrong in full is subrogated to the rights of the injured party against the wrongdoer for whom the Indemnity Company of North America is surety. **Losito v Kruse, Jr., 136 Oh St, 183.** The Fidelity & Casualty Company of New York occupying that position then becomes the injured party, and the person for whose benefit the bonds were intended and required, and entitled to the proceeds thereof.

The judgment of the Municipal Court is affirmed, and the cause remanded for execution thereon.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.