### Richmond Camp v. Alice B. Superman, d.b.a. A. B. Superman Co., Et Al

[118 A2d 353]

October Term, 1955.

Present: Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.

Opinion Filed November 1, 1955.

*Finn & Davis* for defendant Peerless Casualty Co.

*Wilson & Keyser* for the plaintiff.

**Cleary, J.** This is an action of contract to recover for poultry sold and delivered by the plaintiff to the defendant Superman, in which suit the Peerless Casualty Company was joined as a party defendant by reason of its bond filed with the Commissioner of Agriculture, pursuant to the provisions of a license issued to the defendant poultry company in accordance with V. S. 47, §§4862, 4871. The defendant Superman defaulted but the Peerless Casualty Company defended. Hearing was had by the court, with findings of fact and judgment for the plaintiff against both defendants. The cause is here on the exceptions of the Peerless Casualty Company to the findings of facts, to the failure to find as requested and to the judgment.

Among the facts found by the trial court are the following. The plaintiff resides in Randolph and is engaged in the poultry business, including the breeding and hatching of baby chicks and raising of some full grown birds. The defendant Alice B. Superman, doing business as A. B. Superman Poultry Company, has her principal place of business in Montpelier and is licensed to purchase live poultry in Vermont under V. S. 47, §4862. The defendants executed a surety bond in accordance with V. S. 47, §4871, which bond was filed with and bound the signers to the Commissioner of Agriculture. (The findings then set out the bond.) The condition of the bond provides that if A. B. Superman Poultry Company, the principal, shall well and truly pay or cause to be paid all sums of money now due or hereafter to become due from said principal to person or persons residing in Vermont for live poultry sold by said person or persons to said principal, then the obligation shall be void, otherwise in full force and effect. From March 6, 1952, through March 30, 1953, the plaintiff delivered to A. B. Superman Poultry Company, through Michael Superman, husband of Alice B. Superman, some 25,580 baby chicks at an agreed price of $3,134.34, 1,574 pounds of fowl at thirty cents per pound and 26 pounds of culls at eight cents a pound. Over the same period the defendant received credit by way of chicks, dressed chicks and berries in the total amount of $1,319.25. At the time of the sale by the plaintiff the baby chicks were not then marketable as meat

for human consumption. All of the merchandise sold by the plaintiff to the defendant poultry company were live poultry. The defendant, A. B. Superman, operating as A. B. Superman Poultry Company, is indebted to the plaintiff in the sum of $2,289.37. The plaintiff has not established that he has been injured by any wilful or malicious act. The court does find, however, that the plaintiff has been injured by the defendant Superman Poultry Company's wrongful refusal to pay an obligation which the defendant Superman Poultry Company has acknowledged to be justly due and owing. The condition of the bond has been broken in that the principal has not paid or caused to be paid all sums of money due from the Superman Poultry Company to the plaintiff for live poultry furnished to such principal.

The suit is brought on the bond by the plaintiff suing in his own name. Disposition of the case depends on V. S. 47, §§4862, 4871. The parts of these sections which are material read as follows:

"4862. License. No person shall engage in the business of buying or selling live poultry in this state, the meat or product of which is to be sold or used for food unless he has a license from the commissioner of agriculture."

"4871. Bond. The commissioner of agriculture shall require the person applying for or holding such license to file in his office a good and sufficient warranty bond * * * conditioned for compliance with the provisions of this chapter and for payment of all obligations of the licensee for purchase of live poultry within the state. Any resident of this state injured by the wilful, malicious or wrongful act of the licensee, his agents, servants or operators shall have a cause of action in his own name on such bond for the damage sustained."

The defendant contends that the words "wrongful act", used in V. S. 47, §4871, mean a tortious act; the plaintiff claims that "wrongful act" includes a breach of contract. So, we are asked to construe the meaning of the words as used in the statute.

 In the interpretation of statutes the fundamental rule is to ascertain and give effect to the intention of the legislature and that intention must be ascertained from the act itself, if the language is plain. The ordinary meaning of the language must be presumed to be intended, unless it would manifestly defeat the object of the statutory provision. Where the meaning is plain, courts have the duty to enforce a statute according to its obvious terms, and there is no necessity for construction. *Lewis* v. *Holden*, 118 Vt 59, 62, 63, 99 A2d 758. In construing a statute, a clause cannot be separated from its context. Every part must be considered, and if possible, effect must be given to every word, clause and sentence. *Matter of George Paquette*, 112 Vt 441, 446, 27 A2d 129.

With these rules in mind, the meaning of the words, "wrongful act", is plain from the provisions of the statute itself. It provides for the payment of all obligations of the licensee for the purchase of live poultry. Plainly this plaintiff cannot bring an action in his own name for breach of this condition of the bond because in the next sentence the statute states under what special circumstances a resident of the state shall have a cause of action in his own name, that is, when he is injured "by the wilful, malicious or wrongful" act of the licensee. The statute links these words together. If a "wrongful act" can be used to mean a breach of contract as claimed by the plaintiff it cannot be so construed here to have that meaning.

██ In its ordinary sense, a "wrongful act" means a tortious act and we hold this is its meaning in V. S. 47, §4871.

Because the plaintiff brought suit in his own name on the defendant's bond for the breach of contract by the Superman Poultry Company we must sustain the bonding company's exception to the judgment since the judgment is based on the finding that the plaintiff has been injured by the wrongful refusal of the Superman Poultry Company to pay an obligation which it has acknowledged to be justly due and owing, and the judgment cannot stand without that finding. The finding was excepted to and was a conclusion which is not justified under the meaning of "wrongful act" as that term is

used in V. S. 47, §4871. This makes it unnecessary to consider the other questions raised by the exceptions.

*Judgment against the Peerless Casualty Company reversed and judgment for the Peerless Casualty Company to recover its costs.*