337 P.2d 259]

## Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 9688.   Mar. 17, 1959.]

NOLA PERRY CALLUM et al., Respondents, v. HART-FORD ACCIDENT AND INDEMNITY COMPANY (a Corporation), Appellant.

Colby & Magad for Appellant.

Jack Dunaway for Respondent.

DAVID, J.—Plaintiff is an "innocent bystander" hit by the bullet of a licensed private patrolman, who had fired into the air and over the head of a fleeing suspect who had emerged on the run at 2 a.m. from a closed café protected by the detective agency. Perry sued Devenney, the patrolman, in the su-

perior court. A judgment was entered by stipulation for Perry in the sum of $3,540. The complaint had sought compensatory and punitive damages. The present defendant was not a party to the lawsuit or the stipulated judgment. The present action is brought upon Devenney's $2,000 bond, which was written by defendant, under Business and Professional Code, sections 7545, 7546.

Under these code sections, the bond is to be "conditioned for the faithful and honest conduct of the business of private detective by such applicant" (Bus. & Prof. Code, § 7545) and "every person injured by the wilful, malicious or wrongful act of the principal may bring an action on the bond in his own name to recover damages suffered by reason of such wilful, malicious or wrongful act." (Bus. & Prof. Code, § 7546).

These conditions of the bond establish the scope of liability under it, since breach of a condition is what is actionable. One condition here is that there shall be "faithful and honest conduct of the business" but we cannot agree that Business and Professions Code, section 7546, is modified by Business and Professions Code, section 7545, to relate only to wilful, malicious or wrongful acts which result from the unfaithful or dishonest conduct of the business. (*Myles* v. *Meineke* (1948), 82 Ohio App. 126 [78 N.E.2d 917, 918].)

Where "faithful conduct" is required by the terms of a surety bond, everything is "unfaithful" that the law does not permit or excuse. (*Thurston County* v. *Chmelka* (1940), 138 Neb. 696 [294 N.W. 857, 863]; *National Surety Co.* v. *State* (1928), 90 Ind.App. 524 [161 N.E. 832, 834].)

Negligent performance is not faithful performance, according to authorities which deal with liability on bonds where various types of neglect have been involved. (See *People* v. *Smith* (1898), 123 Cal. 70, 74 [55 P. 765] failure or neglect to collect a personal property tax; *Howard* v. *United States* (1937), 87 F.2d 243, 247, n. 1., listing authorities; 46 C.J. p. 1068, § 398; 67 C.J.S. p. 459, § 161, par. c.)

"While it is true that a surety cannot be held beyond the express terms of his contract, yet in interpreting the terms of a contract of suretyship, the same rules are to be observed as in the case of other contracts." (*Sather Banking Co.* v. *Arthur R. Briggs Co.* (1903), 138 Cal. 724, 730 [72 P. 352]; *City of Los Angeles* v. *Hoppenyan's, Inc.* (1935), 8 Cal. App.2d 138, 141 [47 P.2d 293].) "While, under the law of suretyship, a bond is, as a general rule, recognized to be purely a contract which, in its nature, when privately

given without any qualifying laws, is to be strictly construed and not extended beyond the scope of the obligation according to its express terms, still a statutory bond to the public, given for the observance of a law authorizing a business only permitted under specified conditions and regulated under the police power of the state, is not in the same sense strictly contractual in its nature. Its characteristics are also, and perhaps to a greater degree, statutory. ██ It is to be read and construed and enforced in connection with and according to the statute pursuant to which it is given, and should be interpreted according to the purpose, intent and meaning of the legislative enactment.'' (*Hauth* v. *Sambo* (1916), 100 Neb. 160 [158 N.W. 1036, 1039], quoting with approval from *Squires* v. *Michigan Bonding & Surety Co.* (1912), 173 Mich. 304, 312 [138 N.W. 1062, 1065].)

The bond as written is conditioned "if the above bounden principal . . . does not injure any person by his wilful, malicious or wrongful act, then this obligation shall be null and void. . . ." Taking this at face value, does "wilful, malicious or wrongful act" include negligence within the term *wrongful*? Or does *wrongful* under the doctrine of *ejusdem generis* refer only to a trespass, a non-negligent injury?

██ The term "wrongful act" in a statute giving an injured party a right to sue thereon in his own name means simply a "tortious act." (*Camp* v. *Superman* (1955), 119 Vt. 62 [118 A.2d 353, 355].) It is any act which in ordinary course would infringe upon the rights of another to his damage, except when done in the exercise of an equal or superior right. (*Judson* v. *Peoples Bank & Trust Co.* (1954), 17 N.J. 67 [110 A.2d 24, 35].) The phrase is broad enough to include a wrongful act or neglect. (*Cf. Rubino* v. *Utah Canning Co.* (1954), 123 Cal.App.2d 18, 22-23 [266 P.2d 163].) It is urged that a "wrongful *act*" is the antithesis of negligence, which relates to an omission and not an act. In this situation, the distinction is unavailing. ██ It was the act of Devenney in shooting which allegedly injured plaintiff. His act may be wrongful because the *act* should not have occurred, or because the *act* was not accomplished with due care under the circumstances. Early American cases, dealing with injuries from wrongful shooting, procedurally were brought in trespass (assault and battery) for the act itself; while in later decisions the fashion changed toward emphasis of the omission to use due care, i.e., action on the case. Either is proper. (*Hawksley* v. *Peace* (1916), 38 R.I. 544 [96 A. 856, 858, L.R.A.

1916D 1179]; *McLaughlin* v. *Marlatt* (1922), 296 Mo. 656 [246 S.W. 548, 552].)

Since liability of Devenney for the negligent discharge of his gun is amply supported in the law (*Warner* v. *Santa Catalina Island Co.* (1955), 44 Cal.2d 310, 317 [282 P.2d 12]; *Glueck* v. *Scheld* (1899), 125 Cal. 288 [57 P. 1003]; *Rudd* v. *Byrnes* (1909), 156 Cal. 636 [105 P. 957, 20 Ann.Cas. 124, 26 L.R.A. N.S. 134]), such negligence as a "wrongful act" was covered by the bond written by defendant.

The judgment is affirmed.

Bishop, P. J., and Swain, J., concurred.