STATE OF MARYLAND in its own right and for the Use and Benefit of John F. Casey Company, a Pennsylvania Corporation, Appellant,

v.

The TRAVELERS INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, Appellee.

No. 3395.

District of Columbia Court of Appeals.

Argued Dec. 16, 1963.

Decided Feb. 5, 1964.

Rehearing Denied March 10, 1964.

Edgar B. May, Washington, D. C., with whom Anthony C. Vance, Washington, D. C., was on the brief for appellant.

John F. Myers, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

John F. Casey Company, hereinafter referred to as appellant, contracted in 1960 with Eagle Patrol Service, Inc., a Maryland corporation, for security guard services at its construction sites in the Maryland-District of Columbia area. These services were utilized until December, 1961, at which time, through an audit of its books, appellant found what it alleges were overcharges and resultant overpayments of $3,571.20. When the matter could not be settled, appellant filed suit against Eagle in the United States District Court for the District of Columbia where, on July 5, 1962, a default judgment was entered against Eagle for the full amount of the claimed overcharge.[1]

During the period when the guard services were rendered, Eagle was bonded, as required by the state of Maryland,[2] by appellee to insure the "faithful and honest conduct" of its business, which bond was designated to be "for the benefit of any per-

---

1. John F. Casey Co. v. Eagle Patrol Service, Inc., Civil Action No. 1841-62, United States District Court for the District of Columbia.
2. Article 56, § 78 of the Maryland Code, the pertinent part of which reads as follows: "The Superintendent * * * shall issue and deliver to the applicant a license to conduct such [private detective] business * * * upon the payment * * * of a license fee * * *

and upon the applicant executing and delivering to the superintendent a bond to the State and which shall be for the benefit of any person injured by wilful, malicious or wrongful act of the applicant, with one or more sufficient sureties * * * which said bond shall be conditioned for the faithful and honest conduct of such business by the applicant * * *."

son injured by the willful, malicious or wrongful act" of Eagle.[3] When appellant was unable to collect the judgment from Eagle,[4] it sued Travelers to recover damages suffered because of the breach of the conditions of the bond.[5] From a judgment for the surety, this appeal was taken.

Appellant alleges that the trial judge erred (1) in finding that the overcharges were the result of a misunderstanding; (2) in not concluding, as a matter of law, that the default judgment taken by appellant against Eagle Patrol Service, Inc., was tantamount to a finding that Eagle had wrongfully overcharged appellant; and (3) in not recognizing that the word "wrongful" in the Maryland statute, providing that the bond "shall be for the benefit of any person injured by the willful, malicious or wrongful act of the applicant," covered breach of contract, negligence and other nonintentional acts in the conduct of the business so as to permit recovery against the surety.

The record reveals conflict in the testimony respecting the charges that were to be made for the services performed by Eagle after August, 1960, when the first agreement for the services of a security guard at one construction site was enlarged to include an additional site. Although it was understood by the parties that only one guard was to be furnished by Eagle to patrol both sites, a subsequent audit revealed that Eagle had in fact billed at a double rate for the guard's services from August, 1960, to November 15, 1961, to patrol the two sites. There was no complaint by appellant that the security services were unsatisfactorily performed.

The trial judge concluded that appellant had "failed to show by a preponderance of the evidence that the overcharge was not the result of an honest misunderstanding as to the specific terms of the employment contract and thus * * * failed to show that Eagle conducted its business in an unfaithful or dishonest manner or that [appellant] was injured by the willful, malicious or wrongful act of Eagle." [6]

■ Not only do we not agree, but we hold that by allowing a default judgment against it in the District Court based upon appellant's complaint under oath charging wrongful invoicing and an unjustified refusal to make reimbursement for the overcharge, Eagle admitted the truth of these and other material allegations of the complaint thereby permitting liability to be established without further proof by appellant of its right to recover. This general rule is recognized in this jurisdiction.[7]

3. The Maryland statute provides that any party injured because of the breach of the conditions of the bond may bring suit in the name of the state of Maryland, although John F. Casey Company is in fact the moving party to this litigation.

4. The record indicates that the officers and directors of Eagle Patrol Service, Inc., abandoned the corporation without going through formal dissolution and are now offering the same type of service under the name of a new corporation, operating from the former address of Eagle and servicing former clients of Eagle.

5. The original action was titled "John F. Casey Co., Plaintiff, v. The Travelers Indemnity Company, Defendant." Travelers brought in Matthew P. Rudden, an officer of Eagle, as third party defendant, alleging that by virtue of his signing the application for renewal of the bond, he agreed to become an indemnitor for Travelers. The third party complaint against Rudden was dismissed when judgment was entered in favor of the surety as Rudden would not be liable unless the surety was held liable to appellant. No appeal was taken from the dismissal of the third party complaint.

6. The bond provided: " * * * if the said Eagle Patrol Service, Incorporated * * * shall faithfully and honestly conduct the business and discharge all the services which he or it may perform by virtue of such license, then this obligation shall be null and void, otherwise it shall be and remain in full force and effect."

7. Anderson v. Gallman, D.C.Mun.App., 99 A.2d 560, 561, citing Thomson v. Wooster, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105; Rule 8(d), District of Columbia Court of General Sessions; United States v. Borchers, 2nd Cir., 163 F.2d 347, cert. denied 332 U.S. 811, 68 S.Ct. 108, 92 L.

■ Thus the question is presented: Was this overcharge a "willful, malicious or wrongful act" within the intendment of the bond and of the statute? Appellee argues that at most Eagle was guilty of a breach of contract for which it, as surety, is not liable.

We have not located any case where the facts are identical with those presented here nor any Maryland decision construing the statute here involved. We have, therefore, examined judicial opinions from other states interpreting similar statutes and are in accord with those that hold a "wrongful" act is not limited to intentional or tortious conduct but includes any invasion of a right to the damage of the party injured.[8] In so holding, the courts consider the words, "willful, malicious or wrongful," in the disjunctive sense.

We rule, therefore, that appellant, as a party injured by the wrongful act of Eagle in overcharging, was entitled to recover damages from appellee surety.[9]

In reversing the judgment and remanding the case with directions to enter judgment against appellee for liability under the surety bond and to determine the damages to which appellant is entitled, we also direct that the third party complaint against Matthew P. Rudden be reinstated to determine his status as alleged indemnitor under the bond application and, if established, to determine the rights between him and appellee.

Reversed and remanded for further proceedings consistent with this opinion.

Ed. 389; Northwestern Yeast Co. v. Broutin, 6th Cir., 133 F.2d 628.

8. "Wrongful act" is most broad and comprehensive. Judson v. Peoples Bank & Trust Company of Westfield, 17 N.J. 67, 110 A.2d 24, 35; Callum v. Hartford Accident and Indemnity Co., 186 Cal.App.2d Supp. 885, 337 P.2d 259.

9. In view of our decision we are not required to reconcile the relationship and significance of two provisions found in both the Maryland statute and the bond: that the bond shall be for the benefit of any person injured by the "willful, malicious or wrongful act" of the applicant and shall be conditioned for the "faithful and honest conduct of such business" by the applicant. In New York, in respect to a statute almost identical with the Maryland statute, it was held that the phrase, "faithful and honest conduct," is limited and qualified by the words, "willful, malicious or wrongful act" committed in the conduct of the business (Lamb v. United States Fidelity & Guaranty Co., Sup., 162 N.Y.S. 138), while in California the right of an injured person to sue for damages for violation of either condition of the bond was upheld (Callum v. Hartford Accident and Indemnity Co., supra, note 8).