KELLY, Respondent, v. MOHRHUSEN, Appellant.

*No. 111. Argued February 3, 1971.—Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 149.)

For the appellant there were briefs and oral argument by *Burton A. Strnad* of Milwaukee.

For the respondent there was a brief by *Ray T. McCann,* attorney, and *Leonard L. Loeb* of counsel, both of Milwaukee, and oral argument by *Mr. Loeb.*

BEILFUSS, J. The only issue is whether the complaint states facts sufficient to constitute a cause of action for the wrongful death of plaintiff's husband, John Paul Kelly.

The crucial allegations of the plaintiff-respondent's complaint, as amended, read as follows:

"5. That upon information and belief, prior to said meeting at approximately 7:15 a. m., [on May 5, 1969, at 11227 West Forest Home avenue, Franklin, Wisconsin], as the said John Paul Kelly sat in his office, which was located upon the premises of said corporation, the defendant shot and killed the said John Paul

Kelly; and that the death of said John Paul Kelly was instantaneous, there being no conscious pain or suffering.

"6. That this plaintiff was wholly dependent upon said John Paul Kelly for support and maintenance and the necessities of life; and that as a result of the wrongful death of said John Paul Kelly, so caused by the defendant as hereinbefore alleged, the said plaintiff has sustained pecuniary injury in excess of Thirty-five Thousand Dollars ($35,000).

"7. That the marriage between this plaintiff and the said John Paul Kelly was of many years duration and was a happy marriage relationship; and that as a result of the wrongful death of John Paul Kelly, as hereinbefore alleged, the plaintiff has sustained the loss, society and companionship of the said John Paul Kelly to her damage in excess of Three Thousand Dollars ($3,000).

"8. That in addition to the foregoing items of damage, by reason of the wrongful death of said John Paul Kelly by the wrongful act of said defendant, the plaintiff has incurred substantial sums of money for funeral and burial expenses in the sum of Two Thousand Dollars ($2,000)."

The defendant-appellant argues that because the complaint does not allege whether the shooting was negligent or intentional, and because it does not describe the means or instrument by which the shooting was accomplished, it does not establish what duty existed between the deceased and himself, nor how a duty was breached.

Actions for the recovery of damages from persons wrongfully causing the death of another are governed by sec. 895.03, Stats., which provides:

"Whenever the death of a person shall be caused by a wrongful act, neglect or default and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who would have been liable, if

death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured; provided, that such action shall be brought for a death caused in this state."

A cause of action for wrongful death did not exist at common law. It is purely statutory. *Cogger v. Trudell* (1967), 35 Wis. 2d 350, 151 N. W. 2d 146. What kind of acts or omissions, causing injury and death, necessary to support an action is controlled specifically by the language of the statute, sec. 895.03. This section places little restriction on the nature of the act, the primary element is that the act complained of must have entitled the party injured to maintain an action had he survived. The statute uses the disjunctive and provides that the nature of the act may be (1) a wrongful act, (2) neglect, or (3) default.

In pleading a cause of action for wrongful death, the complaint must conform with the rules applicable to pleadings generally, *i.e.,* it must set forth a plain and concise statement of the ultimate facts constituting the cause of action, sec. 263.03 (2), Stats., and must meet the requirements of the wrongful death statute itself.

The plaintiff-respondent has set forth in her complaint the particular act which allegedly caused the death, namely the shooting of decedent by the defendant-appellant. Beyond this there are no allegations of facts giving rise to a duty and breach, nor any allegation as to whether the act was done negligently or intentionally. Instead, plaintiff-respondent relies on the general rule that in pleading a statutory cause of action, allegations in the language of the statute are sufficient unless the phrasing is so indefinite, obscure, or uncertain that it fails to define what acts are within its terms. *State v. Zillmann* (1904), 121 Wis. 472, 98 N. W. 543. In paragraph 8 of the complaint, the shooting of John Paul Kelly by defendant-appellant is characterized as a "wrongful act," using the statutory language.

The term "wrongful act" has usually been construed as a broad and comprehensive term. Generally, a wrongful act is any act which in the ordinary course will infringe upon the rights of another to his damage, unless it be done in the exercise of an equal or superior right. Black's Law Dictionary (4th ed.), p. 1788. *Also see: Callum v. Hartford Accident & Indemnity Co.* (1959), 186 Cal. App. 2d Supp. 885, 337 Pac. 2d 259; *Judson v. Peoples Bank & Trust Co. of Westfield* (1954), 17 N. J. 67, 110 Atl. 2d 24; *Howard's Administrator v. Hunter* (1907), 126 Ky. 685, 104 S. W. 723. Therefore the allegation that some particular conduct constituted a "wrongful act" alleges that it was tortious conduct.

In the complaint before us the allegation that the defendant-appellant acted wrongfully in shooting and causing the death of John Paul Kelly, by implication, charges a duty not to do so and a breach of that duty by an act of the defendant-appellant. It further alleges a causal connection between that act and the fatal injury. Probably, the allegations of the instant complaint were subject to a motion to make more definite and certain in order to apprise the appellant of the theory which the plaintiff-respondent intends to rely upon. But the fact that it was subject to such a motion [1] does not render it subject to a general demurrer if a liberal construction will disclose some cause of action. The defendant-appellant will still have the benefit of pretrial discovery proceedings to more clearly ascertain the pleader's theory, as well as by what means she alleges that the shooting was accomplished.

In *Drummond v. Drummond* (1924), 212 Ala. 242, 102 So. 112, the plaintiff alleged that the defendant " 'wrongfully caused the death of . . . plaintiff's intestate, by wrongfully shooting him with a pistol,' " and in another count repeated the same charge, adding that " 'as a proxi-

---

[1] The record reveals a motion to make more definite and certain was made and denied.

mate consequence of which wrongful shooting plaintiff's intestate died.' " The court there held that the allegation as to both counts was sufficient and not subject to demurrer, stating:

". . . The counts before us charge direct trespass rather than case. If broad enough to cover a wrongful act resulting from negligence, they charge a violation of the common duty which all men owe to each other. Wrongfully causing the death of another by shooting him with a pistol, whether intentionally or negligently, includes all the elements of duty violated and causal connection between the act and the fatal injury. . . ."

When a complaint is challenged by demurrer as not stating a cause of action, we adhere to the rule that it is to be liberally construed with a view to substantial justice to the parties, and it is entitled to all reasonable inferences to support the complaint which can be drawn from the facts pleaded. Secs. 263.07 and 263.27, Stats.; *Wulf v. Rebbun* (1964), 25 Wis. 2d 499, 502, 131 N. W. 2d 303.

The instant complaint alleges that at a specific time and place on a certain date the appellant shot John Paul Kelly and that as a result John Paul Kelly died. It further alleges that that act of shooting was a wrongful act which, under a liberal interpretation, may be construed to mean a tortious act, establishing that if John Paul Kelly had not died the defendant-appellant would have been liable to him in an action for damages.

In its other respects the complaint complies with the requirements for pleading a cause of action for wrongful death under sec. 895.03, Stats.

We conclude that the order overruling the defendant-appellant's demurrer to the complaint should be affirmed with leave as directed by the trial court to serve and file an answer.

*By the Court.*—Order affirmed.